2456

The STATE, Appellant v.
John David TISDALE, Respondent.

(467 S.E. (2d) 270)

Court of Appeals

*Solicitor David P. Schwacke* and *Assistant Solicitor Amie L. Clifford,* N. Charleston, *for appellant.*

*Mark V. Evans,* Charleston, *for respondent.*

Submitted Jan. 9, 1996.

Decided Feb. 5, 1996.

GOOLSBY, Judge:

James David Tisdale pled guilty to driving under the influence (DUI), third offense. The State appeals the trial court's suspension of part of Tisdale's sentence. We reverse and remand.[1]

---

[1] Because oral argument would not aid the court in resolving the issues, we decide this case without oral argument.

At the sentencing hearing, Tisdale's counsel acknowledged to the trial court that Tisdale realized a sixty-day sentence was mandatory, but requested the trial court sentence Tisdale to house arrest or allow him to serve the time on weekends so that he could continue in his employment. In response, the assistant solicitor stated, "I'm not recommending house arrest, and I am fully aware that there is a statutory minimum."

The trial court then proceeded to sentence Tisdale to two years imprisonment and a fine of $3,500, but added, "Upon the payment of Three Thousand Five Hundred Dollars, the rest is suspended."

The assistant solicitor then advised the trial court the State took the position that the statute required a mandatory service of jail time. The trial court responded it was "fully aware of that." Upon request by defense counsel for time to pay the fine, the trial court placed Tisdale on probation for one year and ordered he be allowed to pay the fine "within the probationary period."

■ The State argues the trial court had no authority to suspend the mandatory minimum sentence for third-offense DUI. We agree.

S.C. Code Ann. § 24-21-410 (1976) confers upon trial courts the power to suspend sentences in most cases, stating:

> After conviction or plea for any offense, except a crime punishable by death or life imprisonment, the judge of any court of record with criminal jurisdiction at the time of sentence may suspend the imposition or the execution of a sentence and place the defendant on probation or may impose a fine and also place the defendant on probation.

S.C. Code Ann. § 56-5-2940 (1991 & Supp. 1995) sets out the penalty to be imposed upon a conviction of or plea to the offense of driving under the influence:

> A person violating a provision of Section 56-5-2930, upon . . . entry of a plea of guilty . . ., *must* be punished in accordance with the following:
> (1) By a fine of two hundred dollars or imprisonment for not less than forty-eight hours nor more than thirty days, for the *first offense*. However, in lieu of the forty-eight hour minimum imprisonment the court may provide for forty-eight hours of public service employ-

ment. The minimum forty-eight hour imprisonment or public service employment must by served at a time when the person is off from work and does not interfere with his regular employment under terms and conditions as the court considers proper. However, the court may not compel an offender to perform public service employment in lieu of the minimum sentence.

(2) By a fine of not less than two thousand dollars nor more than five thousand dollars and imprisonment for not less than forty-eight hours nor more than one year for the *second offense.* However, the fine imposed by this item may not be suspended in an amount less than one thousand dollars. In lieu of service of imprisonment the court may require that the individual complete an appropriate term of public service employment of not less than ten days upon terms and conditions the court considers proper.

(3) By a fine of not less than three thousand, five hundred dollars nor more than six thousand dollars and imprisonment for not less than sixty days nor more than three years, for the *third offense.*

\*    \*    \*    \*    \*    \*

*No part of the minimum sentences provided in this section must be suspended.* The court may provide instead of service other sentences provided in this section. *For a third or subsequent offense . . . the service of the minimum sentence is mandatory.* However, the judge may provide for the sentence to be served upon terms and conditions as he considers proper including, but not limited to, weekend service or nighttime service in any fashion he considers necessary.

The fine for a first offense may not be suspended. The court is prohibited from suspending a monetary fine below that of the next preceding minimum statutory fine.

(Emphasis added.)

The State argues the plain language of § 56-5-2940 mandates that a person convicted of third-offense DUI must serve the minimum sentence of sixty days in jail and pay a fine of not less than $3,500, and does not allow the trial court to sus-

pend that part of the incarceration, although the trial court may suspend the fine to $2,000 (the next preceding minimum monetary fine).

The court's primary function in interpreting a statute is to ascertain the intent of the legislature. *State v. Baker*, 310 S.C. 510, 427 S.E. (2d) 670 (1993). A statute as a whole must receive a practical, reasonable, and fair interpretation consonant with the purpose, design, and policy of the lawmakers. *Id.* Words in a statute must be given their plain and ordinary meaning. *State v. Myers*, 313 S.C. 391, 438 S.E. (2d) 236 (1993). The court must avoid construing a statute so as to lead to an absurd result. *Stone v. State*, 313 S.C. 533, 443 S.E. (2d) 544 (1994).

We believe that by using the language "the service of the minimum sentence is mandatory," the legislature intended for someone convicted of third-offense DUI to serve actual imprisonment of at least sixty days. Subsections (1) and (2) of § 56-5-2940 provide expressly that in cases of first- or second-offense DUI, the court may impose some other sentence "in lieu of" service of imprisonment. Subsection (3), however, does not contain such a provision.

To the extent that S.C. Code Ann. §§ 24-21-410 and 56-5-2940 conflict, we hold § 56-5-2940, the later, more specific statute implicitly repeals § 24-21-410, the older, more general one. *See National Advertising Co. v. Mount Pleasant Brd. of Adjustment*, 312 S.C. 397, 440 S.E. (2d) 875 (1994) (where conflicting statutory provisions exist, the most recent or last in order of arrangement prevails; specific laws also prevail over general ones); *Higgins v. State*, 307 S.C. 446, 415 S.E. (2d) 799 (1992) (statutes in apparent conflict should, if reasonably possible, be construed so as to allow both to stand and to give effect to each).

In support of the sentence, Tisdale asserts the trial court's imposition of the one-year probation satisfies § 56-5-2940's minimum sentence requirement for third-offense DUI. Tisdale cites to *State v. Franks*, 276 S.C. 636, 639, 281 S.E. (2d) 227, 228 (1981), in which our supreme court stated:

The United States Supreme Court has held a parolee is still in custody because he faces significant confinement and restraint even though he is no longer within the four

walls of prison. *Jones v. Cunningham*, 371 U.S. 236, 83 S.Ct. 373, 9 L.Ed. (2d) 285 (1963). A probationer is shackled by those same restraints—his conditions of probation.

*Franks*, however, did not address the question of whether probation satisfies a statute's express requirement that the defendant serve a mandatory minimum sentence. Rather, it dealt only with the issue of whether the Fourth Amendment's requirement that a magistrate issue an arrest warrant applied to a warrant for violation of probation conditions. We believe if the legislature had intended to allow the trial court to impose some method or punishment "in lieu of" imprisonment for third-offense DUI, it would have expressly stated as much in § 56-5-2940(3).

Here, the trial court had no authority to suspend Tisdale's entire term of incarceration upon his payment of the fine imposed. Accordingly, the judgment is reversed and the case is remanded for the trial court to impose a sentence in accordance with the express language of § 56-5-2940.

Reversed and remanded.

SHAW and HEARN, JJ., concur.