498 S.E.2d 648

The STATE, Appellant,

v.

Lenancy O. SMITH, Respondent.

No. 2789.

Court of Appeals of South Carolina.

Submitted Jan. 6, 1998.

Decided Feb. 2, 1998.

Attorney General Charles M. Condon, Deputy Attorney General John W. McIntosh, Assistant Deputy Attorney General Salley W. Elliott, and Senior Assistant Attorney General Charles H. Richardson, Columbia; and Solicitor W. Townes Jones, IV, Greenwood, for appellant.

John K. Koon, of Koon & Cook, Columbia, for respondent.

HUFF, Judge:

This is an appeal from the dismissal of a charge against respondent for driving under suspension. We reverse and remand.

## FACTUAL/PROCEDURAL BACKGROUND

On September 3, 1994, respondent's driver's license was suspended by the South Carolina Department of Public Safety pursuant to S.C.Code Ann. § 56–9–610 (1991) for failure to provide an SR–22 certificate of insurance. Notice of the suspension was mailed to respondent pursuant to S.C.Code Ann. § 56–1–350 and § 56–1–360 (Supp.1996).

On July 29, 1996, respondent was arrested in Newberry for driving under a suspended license. Respondent was charged under S.C.Code Ann. § 56–1–460 (Supp.1996). On January 17, 1997, the trial court dismissed the charge against respondent on the ground that the State failed to show respondent was provided with proper notice of suspension pursuant to S.C.Code Ann. § 56–1–460.

## LAW/ANALYSIS

■ The sole issue in this case is one of statutory construction. The State argues respondent received the required statutory notice for a suspension of his driver's license under S.C.Code Ann. § 56–9–610 when the notice was mailed as specified in § 56–1–360. Respondent argues that, pursuant to S.C.Code Ann. § 56–1–465 (1991) and § 56–1–810 (Supp.1996),

the applicable notice provision under § 56–1–460 required the notice be mailed return receipt requested.

The relevant code sections provide in pertinent part as follows:

§ 56–1–350.   Notice of cancellation, suspension or revocation of license;  surrender of license.

In all cases of cancellation, suspension, or revocation of drivers' licenses, the department shall notify the licensee as prescribed in Section 56–1–360 that his license has been canceled, suspended, or revoked, and such licensee shall within ten days after notice of cancellation, suspension, or revocation return his license to the department.

§ 56–1–360.   Form and proof of notice.

When notice is required concerning a person's driver's license, **the notice must be given by the department by depositing the notice in the United States mail with postage prepaid** addressed to the person at the address contained in the driver's license records of the department. The giving of notice by mail is complete ten days after the deposit of the notice.  A certificate by the director of the department or his designee that the notice has been sent as required in this section is presumptive proof that the requirements as to notice of suspension have been met even if the notice has not been received by the addressee.

(Emphasis added).

§ 56–1–460.   Penalties for driving while license canceled, suspended or revoked.

A person who drives a motor vehicle on any public highway of this State when his license to drive is canceled, suspended, or revoked must, upon conviction, be fined two hundred dollars or imprisoned for thirty days for the first violation, for the second violation fined five hundred dollars and imprisoned for sixty consecutive days, and for the third and subsequent violation imprisoned for not less than ninety days nor more than six months, no portion of which may be suspended by the trial judge.  The department upon receiving a record of the conviction of any person under this section upon a charge of driving a vehicle while his license was suspended for a definite period of time shall extend the period of the suspension for an additional like period.

§ 56–1–465.   Notice of suspension required.

The licensee shall be notified of suspension under § 56–1–460 the same as is required when the license is suspended due to loss of points as provided in § 56–1–810.

§ 56–1–810.   Notice of suspension; surrender of license.

Upon the determination by the department that a person has accumulated sufficient points to warrant the suspension of his license, **the department shall notify such licensee in writing, return receipt requested,** that his license has been suspended, and such licensee shall return his license to the department within the time required by Section 56–1–350 and subject to the penalties thereof for failing to do so.

(Emphasis added).

§ 56–9–610.   Other proof may be required; suspension pending filing of such proof.

Whenever any proof of financial responsibility filed under the provisions of this chapter no longer fulfills the purposes for which required, the Department shall require other proof as required by this chapter and shall suspend the license and registration or the nonresident's operating privilege pending the filing of other proof.

■■■   The cardinal rule of statutory construction is to ascertain and effectuate the intent of the legislature. *Elmore v. Ramos,* 327 S.C. 507, 489 S.E.2d 663 (Ct.App.1997). In construing a statute, its words must be given their plain and ordinary meaning without resort to subtle or forced construction to limit or expand the statute's operation. *Adkins v. Comcar Industries, Inc.,* 323 S.C. 409, 475 S.E.2d 762 (1996). If a statute's language is plain and unambiguous, and conveys a clear and definite meaning, there is no occasion for employing rules of statutory interpretation and the court has no right to look for or impose another meaning. *City of Camden v. Brassell,* 326 S.C. 556, 486 S.E.2d 492 (Ct.App.1997). Where a statute is complete, plain, and unambiguous, legislative intent must be determined from the language of the statute itself. *Id.*

A 1991 Attorney General's opinion addressed the two different modes of notice for license suspension under §§ 56–1–360 and 56–1–465.  The opinion states:

Based upon my review of the above, it appears that unless otherwise excepted the method of notice provided by Section 56–1–360, notice by first class mail, would be the method of advising an individual that his driver's license has been revoked or suspended. An exception to such method would be in the situation where an individual is convicted of driving under suspension pursuant to Section 56–1–460. In such instance, notice must be given by certified mail, return receipt requested.[1]

Respondent has been charged with driving under suspension in violation of § 56–1–460. The question of proper notice, however, concerns the notice required for the suspension in place at the time respondent was charged, not whatever suspension will result and what notice will be required if he is convicted of the charge at hand. In other words, we must determine whether respondent had received proper notice of the suspension of his driver's license at the time he was charged with driving under suspension. At the time respondent was charged, his license had been suspended for failure to comply with the financial responsibility laws, not for driving under suspension.[2] Thus, §§ 56–1–460, 465, and 810 do not apply. Rather, respondent's license was suspended under § 56–9–610. Unless otherwise excepted, the method of notice provided by § 56–1–360 is the method for advising an individual that his driver's license has been revoked or suspended. Because the exception under § 56–1–460 does not apply, notice of the suspension was properly mailed to respondent in accordance with § 56–1–350 and § 56–1–360.

**REVERSED AND REMANDED.**

CONNOR and ANDERSON, JJ., concur.

---

1. S.C. Att'y Gen. Op. of Nov. 15, 1991, 1991 S.C. AG WESTLAW 633077.

2. The fact that respondent's license was previously suspended from February through May of 1994 for driving under suspension is irrelevant, even if that suspension was the basis for the requirement that he provide proof of financial responsibility. The focus is on the basis for suspension at the time of the charge. In this case, it was failure to comply with the financial responsibility statute.