508 S.E.2d 594

**CITY OF EASLEY, Respondent,**

v.

**Paul Duane DEANE, Appellant.**

No. 2910.

Court of Appeals of South Carolina.

Submitted Nov. 4, 1998.

Decided Nov. 30, 1998.

---

230

Dallas D. Ball, of Pickens, for appellant.

G. Edward Welmaker, of Acker, Welmaker & Smith, of Pickens, for respondent.

HOWELL, Chief Judge:

Paul Deane was convicted in municipal court of failing to provide a receipt from a retailer for goods he was offering for sale, a violation of S.C.Code Ann. § 40–41–710 (Supp.1997). Deane appealed to the Court of Common Pleas where his conviction was affirmed. He now appeals to this court. We affirm.

On February 7, 1997, Deane was arrested at the Curb Market in Easley where he was selling outdated food items in Winn Dixie Supermarket packaging. At the time of the arrest, the items still had Winn Dixie price tags on them. Deane had retrieved the items from Winn Dixie dumpsters.

Upon inquiry from police officers, Deane could not show them receipts for the items.

At the trial in municipal court, a Winn Dixie store manager testified that Deane had been warned to stay away from the dumpsters and that Deane took items from the dumpster without the store's permission. Winn Dixie considered these items to be stolen.

The jury found Deane guilty of violating section 40–41–710.

Section 40–41–710 requires retailers to retain certain records.[1] The legislature's intent was to make the sale of stolen goods more difficult by requiring retailers to keep records of the source of "new merchandise." § 40–41–710(B). "The record may be a receipt or an invoice from the person who sold the merchandise to the retailer or any other documentation that establishes the source of the merchandise." *Id.* Moreover, the statute provides that:

Upon the request of a law enforcement officer, after forming a reasonable suspicion that the merchandise possessed by the retailer may have been stolen, the retailer shall produce the record of the source of the new merchandise the retailer offers for sale.

§ 40–41–710(C).

On appeal, Deane notes that the goods he offered for sale were old. He argues that, because the goods he offered for sale were not "new," he was not subject to the record keeping requirements of section 40–41–710. We disagree.

"New merchandise" is not defined by the statute. Statutes must be interpreted in accordance with legislative intent. *See State v. Smith,* 330 S.C. 237, 240, 498 S.E.2d 648, 649 (Ct.App. 1998) ("The cardinal rule of statutory construction is to ascertain and effectuate the intent of the legislature."). Furthermore, "[i]n construing a statute, . . . words must be given their plain and ordinary meaning without resort to subtle or forced construction to limit or expand the statute's operation." *Id.* at 240, 498 S.E.2d at 649–50 (citation omitted).

---

1. This section applies only to retailers of transient or temporary businesses. § 40–41–710(A). " 'Temporary business' means a business which makes retail sales in this State for no more than thirty consecutive days at one location." S.C.Code Ann. § 12–36–510(A)(3) (Supp. 1997). Deane does not argue this issue on appeal.

Deane's interpretation limits the statute to apply only to recently created or manufactured items. Under his theory, no stolen good would ever be "new." Such a result directly contravenes the legislature's intent in enacting the statute. By using the word "new," the legislature intended to make a distinction between new and used goods, not new and old goods. Consequently, we conclude that "new merchandise" as used in the statute refers to merchandise offered for sale by the merchant and not previously sold at retail, regardless of its physical age.[2] All merchants subject to the statute must be able to demonstrate upon police request that they have good title to goods offered for sale. Given that Deane's activities fell within the scope of section 40–41–710 and he could not provide a record of the source of the merchandise to be sold, the circuit court properly affirmed Deane's conviction.

The decision of the lower court is hereby

**AFFIRMED.**

ANDERSON and STILWELL, JJ., concur.

---

2. Deane's argument the merchandise was not actually stolen is also inapplicable. The statute merely requires officers have a "reasonable suspicion" the merchandise is stolen.