519 S.E.2d 797

**The STATE, Appellant,**

**v.**

**Michael Lee TAUB, Respondent.**

**No. 3019.**

Court of Appeals of South Carolina.

Heard May 12, 1999.

Decided June 28, 1999.

Rehearing Denied Sept. 11, 1999.

Attorney General Charles M. Condon, Deputy Attorney General John W. McIntosh, Assistant Deputy Attorney Gener-

al Salley W. Elliott and Assistant Attorney General G. Robert DeLoach, III, all of Columbia; and Solicitor Holman C. Gossett, Jr., of Spartanburg, for appellant.

Keith Giese, of Columbia, for respondent.

HOWARD, Justice:

On June 3, 1998, Michael Lee Taub pled guilty to a first offense of trafficking in cocaine in an amount less than 28 grams. Over the State's objection, the trial court imposed a sentence of five years, suspended upon five years probation, and a fine of five thousand dollars. The trial court ordered that probation could be terminated upon payment of the fine. The State appeals, arguing the trial court had no authority to deviate below the minimum sentence of three years imprisonment and a twenty-five thousand dollar fine as prescribed by S.C.Code Annotated § 44–53–370(e)(2) (Supp.1998). We reverse and remand.

## QUESTIONS PRESENTED

I. Does S.C.Code Ann. § 44–53–370(e)(2)(a)(1), which provides, for first offense trafficking in cocaine in an amount less than twenty-eight grams, a penalty of "not less than three years nor more than ten years, no part of which may be suspended nor probation granted," mandate a minimum term of imprisonment of three years?

II. Does S.C.Code Ann. § 24–21–410 allow a judge sentencing an offender under § 44–53–370(e)(2)(a)(1) to suspend the sentence and place the offender on probation, notwithstanding the language prohibiting suspension or probation?

III. Does S.C.Code Ann. § 44–53–370(e)(2)(a)(1) prescribe a mandatory fine of twenty-five thousand dollars?

## LAW/ANALYSIS

Section 44–53–370(e)(2) provides that any person knowingly in actual possession of ten grams or more of cocaine is guilty of a felony known as "trafficking in cocaine." S.C.Code Ann. § 44–53–370 (Supp.1998). A conviction for trafficking in a quantity of cocaine less than 28 grams *must be punished* as follows:

1. for a first offense, a term of imprisonment of not less than three years nor more than ten years, **no part of which may be suspended nor probation granted, and a fine of twenty-five thousand dollars;**

2. for a second offense, a term of imprisonment of not less than five years nor more than thirty years, **no part of which may be suspended nor probation granted, and a fine of fifty thousand dollars;**

3. for a third or subsequent offense, a **mandatory minimum term of imprisonment** of not less than twenty-five years nor more than thirty years, no part of which may be suspended nor probation granted, and a fine of fifty thousand dollars;

S.C.Code Ann. § 44–53–370(e)(2)(a) (Supp.1998) (emphasis added).

The State argues that part (1), in plain language, requires a minimum sentence for Taub of not less than three years imprisonment and a fine of twenty-five thousand dollars because it specifies a minimum sentence of imprisonment and clearly instructs the trial judge that no part of the minimum sentence may be suspended nor probation granted. Taub, on the other hand, asserts that only in part (3) does the word "mandatory" appear. Taub further argues that S.C.Code § 24–21–410 (Supp.1998), which gives the trial court the general authority to suspend any sentence other than one involving death or life in prison, provides the statutory basis to allow the suspension of both the term of imprisonment and the fine. Section 24–21–410 reads as follows:

After conviction or plea for any offense, except a crime punishable by death or life imprisonment, the judge of a court of record with criminal jurisdiction at the time of sentence may suspend the imposition or the execution of a sentence and place the defendant on probation or may impose a fine and also place the defendant on probation. Probation is a form of clemency.

S.C.Code Ann. § 24–21–410 (Supp.1998). This section was amended in 1996 to include the last sentence. Thus, Taub asserts the legislature has most recently provided clear authority for the trial court to suspend a sentence and place a defendant on probation except where the sentence involves death or life imprisonment, and, to the extent there is a

conflict with the provisions of § 44–53–370(e)(2)(a)(1), the latest enactment should prevail.

**I. Does S.C.Code Ann. § 44–53–370(e)(2)(a)(1), which provides, for first offense trafficking in cocaine in an amount less than twenty-eight grams, a penalty of "not less than three years nor more than ten years, no part of which may be suspended nor probation granted," mandate a minimum term of imprisonment of three years?**

The first question presented is whether § 44–53–370(e)(2)(a)(1) mandates a sentence of at least three years imprisonment. We begin our analysis with the recognition that "[t]he penalty assessed for a particular offense is, except in the rarest of cases, 'purely a matter of legislative prerogative,' and the legislature's judgment will not be disturbed." *State v. De La Cruz*, 302 S.C. 13, 16, 393 S.E.2d 184, 186 (1990) (quoting *Rummel v. Estelle*, 445 U.S. 263, 274, 100 S.Ct. 1133, 63 L.Ed.2d 382 (1980)). "Judicial discretion in sentencing, in suspending sentences, and in designating that sentences run concurrent or consecutive is subject to statutory restriction." *Id.*

The cardinal rule of statutory construction is to ascertain and effectuate the legislature's intent. *State v. Smith*, 330 S.C. 237, 498 S.E.2d 648 (Ct.App.1998). In construing a statute, words must be given their plain and ordinary meaning, without resort to subtle or forced construction to limit or expand the statute's operation. *Id.* If a statute's language is plain and unambiguous, and conveys a clear and definite meaning, there is no occasion for employing rules of statutory interpretation and this court has no right to look for or impose another meaning. *Id.* Where a statute is complete and unambiguous, legislative intent must be determined from the plain language of the statute. *Id.* Penal statutes are to be construed strictly against the State and in favor of the defendant. *State v. Burton*, 301 S.C. 305, 391 S.E.2d 583 (1990).

We conclude that the mandatory nature of § 44–53–370(e)(2)(a)(1) is clear under the plain meaning of the words employed, notwithstanding the fact that the word "mandatory" is only used to describe the sentence for a third and subsequent offense. *See State v. Wilson*, 315 S.C. 289, 294, 433

S.E.2d 864, 867 (1993) (stating the precise quantity of drugs involved in trafficking in cocaine in violation of § 44–53–370(e)(2), "is pertinent, not to the classification of trafficking, but to the minimum penalty proscribed (sic)"); *cf. State v. De La Cruz*, 302 S.C. 13, 16, n. 4, 393 S.E.2d 184, 186, n. 4 (1990) (noting *Johnson* case "dealt with a mandatory minimum sentence"); *State v. Johnson*, 276 S.C. 444, 446, 279 S.E.2d 606, 607 (1981) (finding statute describing possible prison term as "not less than ten years nor more than twenty-five years" prescribes a mandatory minimum sentence of ten years).

In describing the applicable punishment, the statute proclaims that "no part of [the term of imprisonment] may be suspended nor probation granted." S.C.Code Ann. § 44–53–370(e)(2)(a)(1) (Supp.1998). It is true the legislature only used the term "mandatory" in stating the sentence for a third and subsequent offense. However, a review of the overall sentencing scheme reveals that this is not inconsistent. *See State v. Alls*, 330 S.C. 528, 531, 500 S.E.2d 781, 782 (1998) ("In construing statutory language, the statute must be read as a whole, and sections which are part of the same general statutory law must be construed together and each one given effect, if it can be done by any reasonable construction.").

Subsection (e) of § 44–53–370 provides a statutory scheme of sentencing for trafficking offenses. *See State v. De La Cruz*, 302 S.C. 13, 15, 393 S.E.2d 184 (1990). Sentences become progressively greater, based upon the type and quantity of controlled substance involved and the number of the offense. In addition to outlining the sentencing parameters for specific trafficking offenses, subsection (e) contains the following pertinent language:

A person convicted and sentenced under this subsection to a mandatory term of imprisonment of twenty-five years, a mandatory minimum term of imprisonment of twenty-five years, or a mandatory minimum term of imprisonment of not less than twenty-five years nor more than thirty years is not eligible for parole, extended work release, as provided in Section 24–13–610, or supervised furlough, as provided in Section 24–13–710.

S.C.Code Ann. § 44–53–370(e) (Supp.1998).

It thus becomes clear the legislature assigned an additional meaning within subsection (e) to any sentence described as

"mandatory" or as a "mandatory minimum." In addition to requiring a mandatory minimum term of imprisonment, a person sentenced as a third or subsequent offender under the "mandatory" provisions is not eligible for parole, extended work release, or supervised furlough. *See State v. Johnson,* 276 S.C. 444, 279 S.E.2d 606 (1981) (legislature's decision to mandate a minimum sentencing term and deny the offender parole eligibility for a portion thereof is an appropriate exercise of its power). In contrast, a person sentenced as a first or second offender, though subjected to a required minimum term of imprisonment, is not precluded under the statute from receiving parole, extended work release, or supervised furlough.

**II.  Does S.C.Code Ann. § 24–21–410 allow a judge sentencing an offender under § 44–53–370(e)(2)(a)(1) to suspend the sentence and place the offender on probation, notwithstanding the language prohibiting suspension or probation?**

The second question presented is whether the trial court's discretionary power found in S.C.Code Ann. § 24–21–410 (Supp.1998) allows the trial court to suspend the sentence and grant probation to Taub, notwithstanding the mandatory language of the trafficking statute. Taub points out that the court's discretionary authority to grant probation and suspend the sentence is excluded by the statute only for those offenses involving the death sentence or life imprisonment. He argues that we should infer from the specific exclusion of death penalty and life imprisonment offenses that the legislature intended to include every other offense under the general provisions of § 24–21–410. *See State v. Burton,* 301 S.C. 305, 307, 391 S.E.2d 583, 584 (1990) ("In determining the meaning of a statute, it must be inferred that statutes specifically excluding certain things evidence the intent of the legislature to include all other things not mentioned."). This, Taub argues, further supports his contention that the legislature did not intend to make the minimum stated terms of imprisonment for first and second offense trafficking mandatory. Taub further argues that § 24–21–410 was recently amended, thereby making the statute a later enactment than § 44–53–370(e)(2)(a)(1). Taub asserts that, as the later statute, it now prevails over the former.

We reject these contentions, for the following reasons. The general rule of statutory construction is that a specific statute prevails over a more general one. *Wooten v. South Carolina Dep't of Transp.*, 333 S.C. 464, 511 S.E.2d 355 (1999); *Atlas Food Sys. & Serv., Inc. v. Crane*, 319 S.C. 556, 462 S.E.2d 858 (1995). Furthermore, "[t]he enactment of a later general statute does not repeal an earlier more specific statute." *Atlas*, 319 S.C. at 558, 462 S.E.2d at 859 (citing *Mims v. Alston*, 312 S.C. 311, 440 S.E.2d 357 (1994)). Our supreme court has likewise rejected the proposition that the amendment of a general statute impliedly affects an earlier specific statute, recognizing that repeal by implication is disfavored, and is found only when two statutes are incapable of any reasonable reconcilement. *Id.*

This court previously addressed this issue in *State v. Tisdale*, 321 S.C. 153, 467 S.E.2d 270 (Ct.App.1996), which involved the offense of driving under the influence. In that case we held that, to the extent they conflicted, the specific DUI statute prevailed over the more general provisions of § 24–21–410. We find that analysis applicable here and hold that the more specific trafficking statute prevails. *Id.*

Section 24–21–410 provides the general statutory authority to a court of record to suspend a portion of a criminal sentence and grant probation as a part of sentencing. This provision is the first section of the chapter regarding probation, parole, and pardon, and was first enacted by the General Assembly in 1942. It has remained substantively unchanged, except to specifically label probation as a form of clemency by the 1996 amendment.[1] We think it clear that the legislature intended to restrict this general grant of authority by stating in § 44–53–370(e)(2)(a)(1) that the required sentence included a minimum term of imprisonment, which cannot be suspended nor probation granted.

### III. Does S.C.Code Ann. § 44–53–370(e)(2)(a)(1) prescribe a mandatory fine of twenty-five thousand dollars?

The last issue presented is whether the fine of twenty-five thousand dollars is mandatory and, therefore, cannot be reduced or suspended. Employing the same rules of

---

1. *See* 1942 Code § 1038–1; 1942 (42) 1456; 1952 Code § 55–591; 1962 Code § 55–591.

statutory construction, we conclude that the twenty-five thousand dollar fine is not mandatory. The phrase "no part of which may be suspended nor probation granted" precedes the stated fine, and therefore modifies only the phrase "a term of imprisonment of not less than three years nor more than ten years." *See* S.C.Code Ann. § 44–53–370(e)(2)(a)(1) (Supp. 1998). Consequently, the authority of the court in its discretion to suspend the imposition or execution of the fine pursuant to § 24–21–410 is not limited by the restrictive wording of § 44–53–370(e)(2)(a)(1).

## CONCLUSION

Because we find the specific sentencing provisions of § 44–53–370(e)(2)(a)(1) require that Taub be sentenced to a term of imprisonment of at least three years, and that this requirement prevails over the general sentencing authority to grant probation outlined in § 24–21–410, we reverse the sentence of the trial court and remand for re-sentencing in accordance with the express statutory language of § 44–53–370(e)(2)(a)(1).

**REVERSED and REMANDED.**

HOWELL, C.J., and HUFF, J., concur.