541 S.E.2d 855

**The STATE, Respondent,**

v.

**Trevis JOHNSON, Appellant.**

**No. 3275.**

Court of Appeals of South Carolina.

Submitted Dec. 11, 2000.

Decided Jan. 2, 2001.

Assistant Appellate Defender Robert M. Pachak, of SC Office of Appellate Defense, of Columbia, for appellant.

Attorney General Charles M. Condon, Chief Deputy Attorney General John W. McIntosh, Assistant Attorney General Robert E. Bogan, and Senior Assistant Attorney General Harold M. Coombs, Jr., all of Columbia; and Solicitor Barbara R. Morgan, of Aiken, for respondent.

## PER CURIAM:

A jury convicted Trevis Johnson of possession of crack cocaine. Because he had a prior conviction for distribution of crack cocaine, the trial court sentenced him to ten years imprisonment, suspended upon service of eight years and five years probation. Conditions of Johnson's probation included random urinalysis every sixty days during the first eleven months of probation, no drug or alcohol use during probation, and completion of a drug rehabilitation program while on probation. Johnson timely moved to amend the sentence. The trial court denied Johnson's motion, and Johnson appeals. We reverse and remand.[1]

## DISCUSSION

On appeal, Johnson argues that pursuant to S.C.Code Ann. § 44–53–375(D) (Supp.1999) the court lacked the authority to suspend any part of his sentence and order a probationary term. We agree.

Section 44–53–375(D) provides in pertinent part:

Except for a first offense, as provided in subsection (A) of this section [for possession or attempt to possess less than one gram of ice, crank, or crack cocaine], sentences for violation of the provisions of this section [for possession, distribution and manufacture of ice, crank, and crack cocaine] *may not be suspended and probation may not be granted.*

S.C.Code Ann. § 44–53–375(D) (emphasis added).

Johnson contends the plain language of this section mandates that an individual convicted under this statute for any-

---

1. We decide this case without oral argument pursuant to Rule 215, SCACR.

thing other than a first offense for possession or an attempt to possess less than one gram must serve the entire court-imposed sentence, with no part suspended nor probation granted. The trial court, however, apparently relying on its general authority to suspend sentences, suspended part of Johnson's sentence and ordered probation. *See* S.C.Code Ann. § 24–21–410 (Supp.1999) (granting the court the authority to suspend imposition of sentence for probation except in death or life imprisonment cases).

Although under section 24–21–410 the trial court has the general authority to suspend sentences and impose probation, we have already addressed the relationship between this section and more specific statutory sections in similar circumstances. *See State v. Taub,* 336 S.C. 310, 519 S.E.2d 797 (Ct.App.1999) (trafficking in cocaine); *State v. Tisdale,* 321 S.C. 153, 467 S.E.2d 270 (Ct.App.1996) (driving under the influence). In both *Taub* and *Tisdale,* this court held that the provisions of a specific statute prevailed over the general application of section 24–21–410. *Taub,* 336 S.C. at 316–17, 519 S.E.2d at 801; *Tisdale,* 321 S.C. at 157, 467 S.E.2d at 272. Adopting the analysis used in those decisions, we hold that the more specific provision of section 44–53–375(D) controls.

We now turn to the specific language of section 44–53–375(D). When interpreting a statute, our primary role is to ascertain the intent of the legislature. *State v. Baker,* 310 S.C. 510, 512, 427 S.E.2d 670, 671–72 (1993). "A statute as a whole must receive a practical, reasonable, and fair interpretation consonant with the purpose, design, and policy of the lawmakers." *Id.* at 512, 427 S.E.2d at 672. Moreover, words should be given their plain and ordinary meaning, and we should not look for or try to impose another meaning. *State v. Smith,* 330 S.C. 237, 240, 498 S.E.2d 648, 649–50 (Ct.App. 1998). Here, the plain language of the statute is clear and unambiguous: a term of imprisonment *"may not be* suspended and probation *may not be* granted." S.C.Code Ann. § 44–53–375(D).

We read *State v. Clifton,*[2] to be dispositive of the issue before us. In *Clifton,* the appellant was convicted of posses-

---

**2.** 302 S.C. 431, 396 S.E.2d 831 (Ct.App.1990), *cert. dismissed,* 305 S.C. 85, 406 S.E.2d 337 (1991), *overruled on other grounds by Brightman v. State,* 336 S.C. 348, 520 S.E.2d 614 (1999).

sion of cocaine and possession with intent to distribute crack cocaine. 302 S.C. at 432, 396 S.E.2d at 832. For the distribution charge, the trial court sentenced appellant to fifteen years imprisonment, as required by statute, even though the court indicated it would not have done so had S.C.Code Ann. § 44–53–375 (Supp.1989), not disallowed a suspended sentence. *Clifton,* 302 S.C. at 436, 396 S.E.2d at 834. Although appellant argued the statute was ambiguous, this court found to the contrary. *Id.* Citing subsection (C),[3] which contained language identical to that of our current subsection (D), this court found the trial court correctly interpreted the statute to proscribe the suspension of any sentence except for a first offense when the amount is less than one gram. *Clifton,* 302 S.C. at 436, 396 S.E.2d at 834. Our understanding of this case leads us to conclude that section 44–53–375(D) disallows a split sentence as the court imposed here.

Accordingly, we reverse the trial court and remand for resentencing consistent with this opinion.

**REVERSED AND REMANDED.**

HEARN, C.J., ANDERSON and STILWELL, JJ., concur.

---

**3.** The pertinent language provides: "sentences for violation of the provisions of this section may not be suspended and probation may not be granted." S.C.Code Ann. § 44–53–375(C) (Supp.1989).