THIS OPINION HAS NO
 PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY
 PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 
 Charles Rodney
 Squires, Appellant,
 
 
 
 
 

v.

 
 
 
 
 South Carolina
 Law Enforcement Division, Respondent.
 
 
 
 
 

Appeal From Horry County
J. Michael Baxley, Circuit Court Judge

Unpublished Opinion No. 2011-UP-218 
Submitted May 1, 2011  Filed May 17, 2011

AFFIRMED

 
 
 
 William B. Von Herrmann, of Conway, for
 Appellant.
 Attorney General Alan M. Wilson, Deputy
 Attorney General John W. McIntosh, Assistant Attorney General David A. Spencer,
 and Assistant Attorney General Geoffrey K. Chambers, all of Columbia, for
 Respondent.
 
 
 

 PER CURIAM: Charles Rodney Squires
 appeals the trial court's order requiring him to register as a sex offender. 
 He argues the trial court erred because (1) the South Carolina Code pardons him
 "from all the legal consequences of his crime and of his conviction";
 (2) the registration requirement deprives him of the fundamental fairness
 required by due process; and (3) the doctrine of laches estopped the South
 Carolina Law Enforcement Division (SLED) from enforcing the registration
 requirement against him.  We affirm[1] pursuant to rule 220(b)(1), SCACR, and the following authorities: 
1. As to whether the South Carolina Code pardons Squires from the
 registration requirement: State v. Taub, 336 S.C. 310, 317, 519
 S.E.2d 797, 801 (Ct. App. 1999) ("The
 general rule of statutory construction is that a specific statute prevails over
 a more general one." (citation omitted)); see also S.C. Code
 Ann. § 23-3-430(E)-(F) (2007 & Supp. 2010) (requiring re-registration as a
 sex-offender where the offender's guilty plea was not "reversed, overturned,
 or vacated on appeal" or the offender's pardon failed to specifically
 state the pardon was "based on a finding of not guilty").
2.  As
 to whether the registration requirement deprives Squires of the fundamental
 fairness required by due process: Sloan v. S.C. Bd. of Med. Exam'rs, 370 S.C. 452, 484-85, 636
 S.E.2d 598, 615 (2006) (providing that the requirements of fundamental
 fairness are "usually
 deemed to apply in a contested case or hearing which affects
 an individual's property or liberty interest . . . ."); Hendrix v. Taylor, 353 S.C. 542, 552, 579
 S.E.2d 320, 325 (2003) (holding that a sex-offender's due process
 challenge to sex-offender registration failed because the sex-offender failed
 to "first 'show that he has a constitutionally
 protected liberty or property interest'" affected by the registration
 requirement (citation omitted)).
3. As to whether the
 doctrine of laches estopped SLED from enforcing the registration requirement
 against Squires: Rule 210(h), SCACR ("The
 appellate court will not consider any fact which does not appear in the Record
 on Appeal."); Whitehead v. State, 352
 S.C. 215, 219, 574 S.E.2d 200, 202
 (2002) (providing that laches is not available as a defense where the party
 asserting the defense fails to establish "the delay has worked injury,
 prejudice, or disadvantage" against her) (citations and internal quotation
 marks omitted).  
AFFIRMED.
FEW, C.J., HUFF and
 THOMAS, JJ., concur.

[1] We decide this case without oral argument pursuant to
 Rule 215, SCACR.