**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Appellant,

v.

Josie Dean Jones, Respondent.

Appellate Case No. 2016-000273

Appeal From Greenwood County
Eugene C. Griffith, Jr., Circuit Court Judge

Unpublished Opinion No. 2018-UP-264
Submitted April 2, 2018 – Filed June 13, 2018

**REVERSED AND REMANDED**

Attorney General Alan McCrory Wilson and Assistant Deputy Attorney General David A. Spencer, both of Columbia, and Solicitor David Matthew Stumbo, of Greenwood, for Appellant.

Appellate Defender Laura Ruth Baer, of Columbia, for Respondent.

**PER CURIAM:** The State appeals from a sentence imposed on Josie Dean Jones following her guilty plea to trafficking in methamphetamine, between ten and twenty-eight grams, asserting the trial court erred in suspending Jones' sentence

below the three-year minimum and granting probation, in contravention of section 44-53-375(C)(1)(a) of the South Carolina Code. We reverse and remand.

Jones pled guilty to trafficking in more than ten but less than twenty-eight grams of methamphetamine and possession of a controlled substance.[1] Following the trial court's acceptance of Jones' plea, it sentenced her on the trafficking charge to five years' imprisonment, suspended upon the service of eighteen months and thirty-six months of probation. The court further provided the eighteen months could be served under the home incarceration program. The solicitor immediately raised an objection to the sentence, stating as follows:

> [T]he State objects to that sentence pursuant to 44-53-375(C)(1)(a)[, which] provides that for someone convicted of trafficking of 10 grams or more but less than 28 grams, for a first offense a term of imprisonment of not less than 3 years, no more than 10 years, no part of which may be suspended nor probation granted and a fine of $25,000.00 dollars. I just wanted to note the State's objection to that sentence is not complying with the statute for the record.

The trial court noted the solicitor's objection, but it did not change Jones' sentence on the trafficking charge.

The State now appeals, arguing the trial court erred in suspending Jones' prison sentence below the three-year minimum and granting her probation for her conviction for trafficking methamphetamine because the statute expressly requires a minimum sentence of three years and prohibits suspending any part of the sentence or granting probation. We agree.

As an initial matter, we agree with Jones that the State's argument concerning the propriety of a home detention sentence[2] is not preserved for our review, as no

---

[1] Jones' plea and sentence on the possession charge are not in issue on appeal.

[2] In a footnote in the argument portion of its brief, the State contends the trial court further erred in sentencing Jones because home detention is not available in lieu of incarceration for violent offenses pursuant to the home detention statute.

objection was raised to the trial court's imposition of home detention in lieu of incarceration for the trafficking offense. *See Jones v. Lott*, 387 S.C. 339, 346, 692 S.E.2d 900, 903 (2010) ("Issues and arguments are preserved for appellate review only when they are raised to and ruled on by the lower court." (quoting *Elam v. S.C. Dep't of Transp.*, 361 S.C. 9, 23, 602 S.E.2d 772, 779-80 (2004))). We disagree, however, with Jones' assertion that the State failed to preserve its argument that the trial court committed an error of law by suspending Jones' sentence below the statutorily required three-year minimum and granting probation in contravention of the statutory prohibition. After the trial court imposed a suspended sentence with probation, the solicitor immediately objected asserting, for first-offense trafficking in ten to twenty-eight grams of methamphetamine, section 44-53-375(C)(1)(a) provided a term of imprisonment of not less than three years, no part of which could be suspended nor probation granted, and arguing the court's sentence did not comply with the statute. The trial court noted the solicitor's objection, but declined to change the sentence. Thus, the objection was timely made by the State on a specific ground, *State v. Jennings*, 394 S.C. 473, 481, 716 S.E.2d 91, 95 (2011); it was clear the argument was presented on that ground, *State v. Dunbar*, 356 S.C. 138, 142, 587 S.E.2d 691, 694 (2003); it was made with sufficient specificity to inform the trial court of the point being urged by the State, *State v. Byers*, 392 S.C. 438, 444, 710 S.E.2d 55, 58 (2011); and it was sufficiently specific to bring into focus the precise nature of the alleged error so it could be reasonably understood by the trial court, *State v. Prioleau*, 345 S.C. 404, 411, 548 S.E.2d 213, 216 (2001). Accordingly, the issue was "(1) raised to and ruled upon by the trial court, (2) raised by the appellant, (3) raised in a timely manner, and (4) raised to the trial court with sufficient specificity." *S.C. Dep't of Transp. v. First Carolina Corp. of S.C.*, 372 S.C. 295, 301-02, 641 S.E.2d 903, 907 (2007) (quoting Jean Hoefer Toal et al., *Appellate Practice in South Carolina* 57 (2d ed. 2002)).

Section 44-53-375 of the South Carolina Code provides in pertinent part as follows:

> A person who . . . is knowingly in actual or constructive possession . . . of ten grams or more of methamphetamine . . . is guilty of a felony which is known as "trafficking in methamphetamine . . ." and, upon conviction, *must be punished* as follows if the quantity involved is: (1) ten grams or more, but less than twenty-eight grams: (a) for a first offense, a term of *imprisonment of not less than three years* nor more than ten years, *no part of which*

> *may be suspended nor probation granted*, and a fine of
> twenty-five thousand dollars.

S.C. Code Ann. § 44-53-375(C)(1)(a) (2018) (emphases added).

The language of this statute is express and clear and, under the plain meaning, prohibits a trial court from suspending the sentence or granting probation for trafficking in methamphetamine. *See State v. Jacobs*, 393 S.C. 584, 587, 713 S.E.2d 621, 623 (2011) ("Although it is a well-settled principle of statutory construction that penal statutes should be strictly construed against the [S]tate and in favor of the defendant, . . . courts must nevertheless interpret a penal statute that is clear and unambiguous according to its literal meaning); *id.* at 587, 713 S.E.2d at 622 (holding "a court must abide by the plain meaning of the words of a statute," and when "the statute's language is plain and unambiguous, and conveys a clear and definite meaning, . . . the court has no right to impose another meaning"); *In re M.B.H.*, 387 S.C. 323, 326, 692 S.E.2d 541, 542 (2010) ("A trial judge has broad discretion in sentencing *within statutory limits*." (emphasis added)); *id.* ("A sentence will not be overturned absent an abuse of discretion when the ruling is based on an error of law or a factual conclusion without evidentiary support."); *State v. Taub*, 336 S.C. 310, 314, 519 S.E.2d 797, 800 (Ct. App. 1999) ("Judicial discretion . . . in suspending sentences . . . is subject to statutory restriction." (quoting *State v. De La Cruz*, 302 S.C. 13, 16, 393 S.E.2d 184, 186 (1990))); *State v. Thomas*, 372 S.C. 466, 468, 642 S.E.2d 724, 725 (2007) (holding the general power to suspend a criminal defendant's sentence "does not extend to offenses [for which] the legislature has specifically mandated that no part of a sentence may be suspended"); *Taub*, 336 S.C. at 312-13,317, 519 S.E.2d at 799, 801 (finding error in the trial court's suspension of Taub's sentence—under the identical punishment set by the legislature for trafficking in cocaine—because the clear legislative intent was to restrict the general grant of authority for suspending sentences by stating in section 44-53-370(e)(2)(a)(1) that the required sentence included a minimum term of imprisonment which could not be suspended nor probation granted).

Accordingly, we hold the trial court erred in suspending Jones' sentence and granting probation for her trafficking in methamphetamine offense.[3] We reverse

---

[3] To the extent the State argues in its reply brief that the trial court lacked authority in declining to impose a fine under section 44-53-375(C)(1)(a), we find no error. *See Taub*, 336 S.C. at 318, 519 S.E.2d at 802 (holding the phrase "no part of which

and remand for re-sentencing in accordance with the express statutory language of section 44-53-375(C)(1)(a).

**REVERSED AND REMANDED.[4]**

**HUFF, GEATHERS, and MCDONALD, JJ., concur.**

---

may be suspended nor probation granted" in section 44-53-370(e)(2)(a)(1) modified only the phrase "a term of imprisonment of not less than three years nor more than ten years" and, therefore, the trial court had authority to suspend the imposition or execution of the fine pursuant to section 24-21-410).

[4] We decide this case without oral argument pursuant to Rule 215, SCACR.