**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Ernest Battle, Appellant,

v.

South Carolina Department of Corrections, Respondent.

Appellate Case No. 2016-002412

———————

Appeal From The Administrative Law Court
Deborah Brooks Durden, Administrative Law Judge

———————

Unpublished Opinion No. 2018-UP-462
Submitted October 1, 2018 – Filed December 12, 2018

———————

**AFFIRMED**

———————

Ernest Battle, pro se.

Kensey Collins, of the South Carolina Department of Corrections, of Columbia, for Respondent.

———————

**PER CURIAM:** Ernest Battle, pro se, appeals an administrative law court (ALC) order affirming the South Carolina Department of Corrections's (the Department's) final decision. On appeal, Battle argues the ALC erred in (1) finding the Department did not violate his due process rights by failing to provide him prior notice of his sentence recalculation and (2) affirming the Department's determination that he is required to serve one hundred percent of his

twenty-five-year sentence. We affirm[1] pursuant to Rule 220(b), SCACR, and the following authorities:

1. The ALC properly found the Department did not violate Battle's due process rights by failing to provide him prior notice of his sentence recalculation because the Department did not alter Battle's original sentence but corrected an error in its administration of the imposed sentence. *Contra Tant v. S.C. Dep't of Corr.*, 408 S.C. 334, 338-39, 759 S.E.2d 398, 400 (2014) (holding that the Department violated an inmate's due process rights when it altered his sentence in its records without providing prior notice, after realizing it erroneously recorded the sentence as fifteen years' imprisonment rather than the intended forty years' imprisonment); *id.* at 337, 759 S.E.2d at 399 ("We hold that when the Department decides its original recordation of a sentence was erroneous, it must afford the inmate formal notice of the amended sentence and advise him of his opportunity to be heard through the grievance procedure.").

2. The ALC did not err in finding the Department properly determined Battle was required to serve one hundred percent of his sentence. *See S.C. Dep't of Corr. v. Mitchell*, 377 S.C. 256, 258, 659 S.E.2d 233, 234 (Ct. App. 2008) ("Section 1-23-610 of the South Carolina Code ([Supp. 2018]) sets forth the standard of review when the court of appeals is sitting in review of a decision by the ALC on an appeal from an administrative agency."); S.C. Code Ann. § 1-23-610(B) (Supp. 2018) ("[This] court may not substitute its judgment for the judgment of the [ALC] as to the weight of the evidence on questions of fact."); *id.* (providing when reviewing an ALC decision, "[t]he court of appeals may . . . reverse or modify the decision if the substantive rights of the petitioner have been prejudiced because the finding, conclusion, or decision is: (a) in violation of constitutional or statutory provisions; (b) in excess of the statutory authority of the agency; (c) made upon unlawful procedure; (d) affected by other error of law; (e) clearly erroneous in view of the reliable, probative, and substantial evidence on the whole record; or (f) arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion"); *State v. Taub*, 336 S.C. 310, 317, 519 S.E.2d 797, 801 (Ct. App. 1999) ("The general rule of statutory construction is that a specific statute prevails over a more general one."); S.C. Code Ann. § 44-53-370(e)(2)(b)(3) (2018) (providing a person who is convicted of a "third or subsequent offense" of "trafficking in cocaine" in the amount of "twenty-eight grams or more, but less than one hundred grams" must serve "a mandatory minimum term of imprisonment of not less than twenty-five years and not more

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.

than thirty years, no part of which may be suspended nor probation granted, and [pay] a fine of fifty thousand dollars"); S.C. Code Ann. § 24-13-100 (2007) (providing that "a 'no[-]parole offense' means a class A, B, or C felony or an offense exempt from classification as enumerated in [s]ection 16-1-10([D]), which is punishable by a maximum term of imprisonment for twenty years or more"), *repealed in part by Bolin v. S.C. Dep't of Corr.*, 415 S.C. 276, 286, 781 S.E.2d 914, 919 (Ct. App. 2016); S.C. Code Ann. § 16-1-10(D) (Supp. 2018) (including section 44-53-370(e)(2)(b)(3) in its list of exempt offenses); S.C. Code Ann. § 24-13-150(A) (Supp. 2018) (providing that no-parole offenses are "not eligible for early release, discharge, or community supervision . . . , until the inmate has served at least eighty-five percent of the actual term of imprisonment imposed"); *id.* ("Nothing in this section may be construed to allow . . . an inmate prohibited from participating in work release, early release, discharge, or community supervision by another provision of law to be eligible for work release, early release, discharge, or community supervision."); S.C. Code Ann. § 44-53-370(e) (2018) ("A person convicted and sentenced under this subsection to . . . a mandatory minimum term of imprisonment of not less than twenty-five years nor more than thirty years is not eligible for parole, extended work release.").

**AFFIRMED.**

**HUFF, SHORT, and WILLIAMS, JJ., concur.**