**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(D)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Jakarta Deshon Young, #276572, Respondent,

v.

South Carolina Department of Corrections, Appellant.

Appellate Case No. 2018-001293

―――――――――

Appeal From The Administrative Law Court
Harold W. Funderburk, Jr., Administrative Law Judge

―――――――――

Unpublished Opinion No. 2021-UP-447
Heard November 02, 2021 – Filed December 15, 2021

―――――――――

**REVERSED**

―――――――――

Christina Catoe Bigelow and Kensey Barrett, both of
South Carolina Department of Corrections, of Columbia,
for Appellant.

Blake Terence Williams, of Nelson Mullins Riley &
Scarborough, LLP, of Columbia, and Appellate Defender
Susan Barber Hackett, of Columbia, for Respondent.

―――――――――

**PER CURIAM:** Appellant South Carolina Department of Corrections (SCDC) challenges an order of the Administrative Law Court (ALC) ruling that Respondent Jakarta Young's drug trafficking conviction under S.C. Code Ann. § 44-53-370(e)(2)

(2018) is one that is eligible for parole, extended work release, or supervised furlough.  We reverse the ALC's order.

## FACTS

On August 25, 2016, Young was sentenced to seven years for the offense of trafficking in cocaine (10 grams), second offense, in violation of section 44-53-370(e)(2).  On May 16, 2017, Young was sentenced to eight years for the offense of manufacturing cocaine base, second offense, in violation of section 44-53-375(B)(2) (2018).  The latter sentence was to run concurrently with the August 25, 2016 sentence for trafficking in cocaine.

Young filed two consecutive grievances challenging SCDC's sentencing calculation, both alleging that his offense of trafficking in cocaine (10 grams), second offense, is no longer a "no parole" offense under state law.  The Warden denied both grievances, finding that the offense of trafficking in cocaine under section 44-53-370(e)(2) requires a "no parole (85 percent) sentence."  Young then filed a notice of appeal to the ALC, in which he repeated his argument from his previous grievances.  On June 20, 2018, the Honorable H.W. Funderburk Jr. ruled that Young was eligible for parole, extended work release, or supervised furlough under section 44-53-370 and issued an order reversing SCDC's decision and remanding the case to SCDC.  This appeal followed.

## ISSUE

Did the ALC improperly rule that Young's drug trafficking conviction under section 44-53-370(e)(2) is one that is eligible for parole, extended work release, and supervised furlough?

## STANDARD OF REVIEW

The Administrative Procedures Act (APA) governs the standard of review on appeal from a decision of the ALC, allowing this court to

> reverse or modify the decision if substantial rights of the appellant have been prejudiced because the administrative findings, inferences, conclusions, or decisions are: (a) in violation of constitutional or statutory provisions; (b) in excess of the statutory authority of the agency; (c) made upon unlawful procedure; (d) affected by other error of law; (e) clearly erroneous in view of the reliable, probative, and substantial evidence on the whole record;

or (f) arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.

S.C. Code Ann. § 1-23-380(5) (Supp. 2020).

The decision of the ALC should not be overturned unless it is unsupported by substantial evidence or controlled by some error of law. *Olson v. S.C. Dep't of Health and Envtl. Control*, 379 S.C. 57, 63, 663 S.E.2d 497, 501 (Ct. App. 2008). The reviewing court "may not substitute its judgment for the judgment of the administrative law judge as to the weight of the evidence on questions of fact." S.C. Code. Ann. § 1-23-610(B) (Supp. 2020).

## ANALYSIS

SCDC argues the ALC improperly ruled that Young's drug trafficking conviction under section 44-53-370(e)(2) is one that is eligible for parole, extended work release, and supervised furlough because the offense is a Class A felony; thus, Young is required under section 24-13-150 (Supp. 2020) to complete at least 85 percent of his sentence before parole eligibility. We agree.

The parties are not in dispute that Young's drug trafficking conviction is categorized as a Class A felony under section 16-1-90 (Supp. 2020). Absent statutory language to the contrary, Class A felonies are considered "no parole" offenses under section 24-13-100 (2007), and subject to the 85 percent requirement under section 24-13-150.

Section 24-13-150(A) provides that

*Notwithstanding any other provision of law*, except in a case in which the death penalty or a term of life imprisonment is imposed, an inmate convicted of a "no parole offense" as defined in Section 24-13-100 and sentenced to the custody of the Department of Corrections, including an inmate serving time in a local facility pursuant to a designated facility agreement authorized by Section 24-3-20 or Section 24-3-30, is not eligible for early release, discharge, or community supervision as provided in Section 24-21-560, until the inmate has served at least eighty-five percent of the actual term of imprisonment imposed. This percentage must be calculated without the application of earned work credits, education credits, or good conduct credits, and is to be

applied to the actual term of imprisonment imposed, not including any portion of the sentence which has been suspended. Nothing in this section may be construed to allow an inmate convicted of murder or an inmate prohibited from participating in work release, early release, discharge, or community supervision by another provision of law to be eligible for work release, early release, discharge, or community supervision.

(Emphasis added). The "no parole" requirement of section 24-13-150 applies to all individuals convicted pursuant to section 24-13-100, unless another statute preempts it.

Young argues that because he was convicted under subsection (e) of section 44-53-370, an unenumerated paragraph in subsection (e) following item (7) exempts him from the requirement of serving 85 percent of his Class A felony sentence under section 24-13-150. The unenumerated paragraph provides in pertinent part:

A person convicted and sentenced under this subsection to a *mandatory term of imprisonment* of *twenty-five years*, a *mandatory minimum* term of imprisonment of *twenty-five years*, or *a mandatory minimum term* of imprisonment of *not less than twenty-five years nor more than thirty years* is not eligible for parole, extended work release, as provided in Section 24-13-610, or supervised furlough, as provided in Section 24-13-710.

S.C. Code Ann. § 44-53-370(e) (emphases added).

This paragraph sets forth various instances in which parole may *not* be granted to an individual convicted under section 44-53-370(e). The unenumerated paragraph describes conditions for *ineligibility*, but does not confer eligibility for parole, extended work release, or supervised furlough. The ALC erroneously read into section 44-53-370(e) an implicit parole eligibility by interpreting the unenumerated paragraph as having the effect of preempting any contrary statutory language. However, had the legislature intended to confer parole eligibility to individuals sentenced under this section, it would have included a "notwithstanding" clause, as it did in section 44-53-370(b), which would have preempted the 85 percent requirement of section 24-13-150. *See Bolin v. S.C. Dep't of Corr.*, 415 S.C. 276, 282–83, 781 S.E.2d 914, 917 (Ct. App. 2016) (explaining the effect of the 2010

amendments to sections 44-54-370 and -375 adding the "notwithstanding" clause to various subsections).

"The cardinal rule of statutory construction is to ascertain and effectuate the legislative intent whenever possible." *Perry v. Bullock*, 409 S.C. 137, 140, 761 S.E.2d 251, 253 (2014) (quoting *State v. Baucom*, 340 S.C. 339, 342, 531 S.E.2d 922, 923 (2000)). "Under the plain meaning rule, it is not the province of the court to change the meaning of a clear and unambiguous statute." *S.C. Energy Users Comm. v. S.C. Pub. Serv. Comm'n*, 388 S.C. 486, 491, 697 S.E.2d 587, 590 (2010). "Where the statute's language is plain, unambiguous, and conveys a clear, definite meaning, the rules of statutory interpretation are not needed and the court has no right to impose another meaning." *Id.*; *see also State v. Johnson*, 396 S.C. 182, 188, 720 S.E.2d 516, 519–20 (Ct. App. 2011) (same). "All rules of statutory construction are subservient to the one that legislative intent must prevail if it can be reasonably discovered in the language used, and that language must be construed in light of the intended purpose of the statute." *S.C. Prop. & Cas. Ins. Guar. Ass'n v. Brock*, 410 S.C. 361, 367, 764 S.E.2d 920, 922 (2014) (quoting *McClanahan v. Richland Cnty. Council*, 350 S.C. 433, 438, 567 S.E.2d 240, 242 (2002)). When interpreting the meaning of a statute, courts will "avoid a reading [that] renders some words altogether redundant." *Gustafson v. Alloyd Co., Inc.*, 513 U.S. 561, 574 (1995).

Moreover, in interpreting a statute, the court must not look merely at a "particular clause in which a word may be used, but rather looks at the word and its meaning in conjunction with the purpose of the *whole statute*, and in light of the object and policy of the law." *S.C. Coastal Council v. S.C. State Ethics Comm'n*, 306 S.C. 41, 44, 410 S.E.2d 245, 247 (1991) (emphasis added) (citing *Spartanburg Sanitary Sewer Dist. v. City of Spartanburg*, 283 S.C. 67, 321 S.E.2d 258 (1984)). *See also Centex Int'l, Inc. v. S.C. Dep't of Revenue*, 406 S.C. 132, 139, 750 S.E.2d 65, 69 (2013) ("In interpreting a statute, '[w]ords must be given their plain and ordinary meaning without resort to subtle or forced construction to limit or expand the statute's operation.'" (alteration in original) (quoting *Sloan v. Hardee*, 371 S.C. 495, 499, 640 S.E.2d 457, 459 (2007))); *id.* ("Further, 'the statute must be read as a whole and *sections which are a part of the same general statutory law must be construed together and each one given effect*.'" (emphasis added) (quoting *S.C. State Ports Auth. v. Jasper Cnty.*, 368 S.C. 388, 398, 629 S.E.2d 624, 629 (2006))); *id.* ("Accordingly, we 'read the statute as a whole' and 'should not concentrate on isolated phrases within the statute.'" (quoting *CFRE, LLC v. Greenville Cnty. Assessor*, 395 S.C. 67, 74, 716 S.E.2d 877, 881 (2011))).

Items (1) and (2) of section 44-53-370(b) both deal with offenses involving multiple types of illicit substances, including cocaine. They both contain

"notwithstanding" clauses that expressly exempt individuals convicted under those subsections from the 85 percent requirement in section 24-13-150. Had Young been convicted under section 44-53-370(b)(2), he would be eligible for parole, extended work release, or supervised furlough due to the "notwithstanding" clause, which would preempt the 85 percent requirement in section 24-13-150. However, because Young was sentenced under section 44-53-370(e)(2), a provision which does not contain a "notwithstanding" clause, he is not eligible for parole, extended work release, or supervised furlough until he has completed at least 85 percent of his sentence. The General Assembly clearly intended for only those individuals sentenced under sections 44-53-370(b)(1)–(2) to be eligible for parole, extended work release, and supervised furlough notwithstanding section 24-13-150. Due to the General Assembly's decision not to include similar "notwithstanding" language in section 44-53-370(e), it is reasonable to conclude that parole eligibility under subsection (e) is dictated by the 85 percent requirement in section 24-13-150.

Young further argues that this court's language in *State v. Taub*, buttressed by the unenumerated paragraph following item (7) in section 44-53-370(e), makes him eligible for parole, extended work release, or supervised furlough. We disagree.

In *Taub*, this court stated that an individual sentenced for trafficking in cocaine under section 44-53-370(e) "as a first or second offender, though subjected to a required minimum term of imprisonment, is not precluded *under the statute* from receiving parole, extended work release, or supervised furlough." *State v. Taub*, 336 S.C. 310, 316, 519 S.E.2d 797, 801 (Ct. App. 1999) (emphasis added). Young argues that this court interpreted the unenumerated paragraph in section 44-53-370(e) as providing eligibility for parole, extended work release, and supervised furlough to individuals convicted under section 44-53-370(e) whose sentences did not meet the criteria for *ineligibility* set forth in the paragraph. While this court did reference the parole eligibility for a person sentenced under section 44-53-370(e)(2), the issue in *Taub* was not parole eligibility; rather, that case dealt primarily with issues regarding *sentencing* under section 44-53-370(e). *See generally Taub*.

Indeed, the language in *Taub* concerning parole eligibility does not go as far as to confer parole eligibility outright to a first or second offender under section 44-53-370(e)(2). This court stated that an individual sentenced for trafficking in cocaine under section 44-53-370(e) "as a first or second offender, though subjected to a required minimum term of imprisonment, is not precluded *under the statute* from receiving parole, extended work release, or supervised furlough." 336 S.C. at 316, 519 S.E.2d at 801 (emphasis added). The inclusion of the phrase "under the statute," means that under *only* section 44-53-370(e), an individual convicted as a first or second offender is not precluded from parole eligibility, while still allowing

the possibility for another statute (such as section 24-13-150) to restrict such eligibility. *See id.* Therefore, the applicability of the parole eligibility restrictions of section 24-13-150 on Young's conviction does not violate this court's ruling in *Taub*.

## CONCLUSION

Based on the foregoing, we hold that the ALC incorrectly ruled that Young is eligible for parole, extended work release, or supervised furlough under section 44-53-370(e). Therefore, the order of the ALC is

**REVERSED**.

**HUFF, THOMAS, and GEATHERS, JJ., concur.**