21490

The STATE, Respondent, v. Joseph Michael JOHNSON, Appellant.

(279 S. E. (2d) 606)

*Paul N. Uricchio, Jr.,* and *Alan Toporek,* of *Uricchio, Howe & Krell,* Charleston, *for appellant.*

*Atty. Gen. Daniel R. McLeod* and *Asst. Attys. Gen. Kay G. Crowe* and *Russell D. Ghent,* Columbia, and *Sol. Capers G. Barr, III,* Charleston, *for respondent.*

June 16, 1981.

GREGORY, Justice:

Appellant Joseph Michael Johnson was convicted of armed robbery and sentenced to a prison term of ten years. He appeals, contending Section 16-11-330, Code of Laws of South Carolina (1976), under which he was sentenced, is unconstitutional. We disagree and affirm.

The statute prescribes a mandatory minimum sentence of ten (10) years' imprisonment for any person convicted of the crime of robbery while armed with a deadly weapon. Such an offender is, by the terms of the statute, ineligible for parole before serving seven (7) years.

Appellant first contends these provisions of the statute constitute an unwarranted legislative intrusion in violation of the separation of powers doctrine laid down in both the state and federal constitutions. See Article I, Section 8, Constitution of the State of South Carolina; Articles I, II and III, United States Constitution. This contention is wholly without merit.

Punishment for crimes is a matter of mutual concern between the legislature and judicial branches. That the legislature chose to mandate a minimum sentencing term and deny the offender parole eligibility for a portion thereof is an appropriate exercise of its power. The statute merely confines judicial discretion upon sentencing to the parameters of a possible term of "not less than ten years nor more than twenty-five years, *in the discretion of the judge.*" Section 16-11-330 (emphasis supplied). The powers exercised here are both valid and distinct.

Appellant's next contention is that the imposition of a minimum mandatory sentence without opportunity for parole constitutes cruel and unusual punishment. See United States Constitution, Amendment Eight. We find the punishment neither inhuman nor barbarous nor disproportionate to the severity of the crime. See *Stockton v. Leeke,* 269 S. C. 459, 237 S. E. (2d) 896 (1977). Nor does it, as appellant urges, preclude the sentencing authority from considering mitigating and aggravating circumstances in fashioning an appropriate sentence.

Moreover, the punshment that Section 16-11-330 prescribes compares favorably with punishments other jurisdictions impose for this same offense and with punishments

available in our state for similar offenses. Cf. *Stockton v. Leeke, supra* (mandatory minimum of ten years for safe-cracking upheld). No Eighth Amendment contravention exists.

Finally, appellant challenges the statute on equal protection grounds. The target of this argument is the statute's provision that "any person under the age of twenty-one sentenced under [the Youthful Offenders Act] for the crime of armed robbery" shall receive a minimum mandatory sentence of three years without possibility of parole; whereas convicted armed robbers "between the ages of twenty-one and twenty-five" may not be sentenced as a youthful offender.

Appellant claims the former class of adult offenders is afforded a fundamental right unavailable to the latter class. This treatment, he argues, cannot be justified by a compelling state interest. This is a misapprehension of the classification.

The statutory right to youthful offender treatment is simply not a fundamental right. See *Hilber v. State,* 89 Wis. (2d) 49, 277 N. W. (2d) 839 (1979). Thus, the state need show no more than a rational basis for this distinction in treatment of offenders. See *State v. Brown,* S. C., 266 S. E. (2d) 415 (1980) ; see also *Marshall v. United States,* 414 U. S. 417, 421, 94 S. Ct. 700, 38 L. Ed. (2d) 618 (1974).

We think the classification is reasonably and rationally related to the achievement of legitimate state goals. Society as well as the criminal has an interest at stake under the Youthful Offenders Act. The legislature has determined that society's interest, the public safety and welfare, is best protected by extending the cloak of the act to these offenders it deems most likely to profit from the act's rehabilitative purpose. The gravity of the offense involved justifies the legislature in serving this interest.

We conclude the act neither violates the separation of powers, constitutes cruel and unusual punishment nor offends equal protection. Accordingly, the judgment below is affirmed.

Affirmed.

LEWIS, C. J., and LITTLEJOHN, NESS and HARWELL, JJ., concur.