22529

The STATE, Respondent v.
Jim KISER, Appellant.
(343 S. E. (2d) 292)

Supreme Court

442

*Dale T. Cobb, Jr.* of *Belk, Howard, Cobb & Chandler, P.A.,* Charleston, *for appellant.*

*Atty. Gen. T. Travis Medlock, Chief Deputy Atty. Gen. Donald J. Zelenka, Asst. Attys. Gen. Harold M. Coombs, Jr.,* and *Carolyn M. Adams,* Columbia, and *Sol. William L. Ferguson,* York, *for respondent.*

Submitted Dec. 27, 1985.

Decided April 14, 1986.

*Per Curiam:*

Appellant was convicted of possession of greater than one hundred pounds of marijuana ("trafficking in marijuana") and sentenced to the mandatory minimum sentence of twenty-five years and fined twenty-five thousand dollars. S. C. Code Ann. § 44-53-370(e)(1)(b) (1985). Appellant contends this statute is unconstitutional. We disagree and affirm.

Appellant argues that the mandatory minimum sentence as provided in S. C. Code Ann. § 44-53-370(e)(1)(b) (1985) violates the due process, equal protection, and cruel and unusual punishment clauses of the United States and South Carolina Constitutions. Section 44-53-370(e)(1)(b) provides:

> (e) Any person who knowingly sells, manufactures, delivers, or brings into this State, or who provides financial assistance or otherwise aids, abets, or conspires to sell, manufacture, deliver, or bring into this State, or who is knowingly in actual or constructive possession of:
> (1) Ten pounds of marijuana is guilty of a felony which

is known as "trafficking in marijuana" and upon conviction must be punished as follows if the quantity involved is:

\* \* \* \* \* \*

(b) One hundred pounds or more, but less than two thousand pounds, a mandatory term of imprisonment of twenty-five years, no part of which may be suspended, and a fine of twenty-five thousand dollars.

### Due Process and Equal Protection

Appellant argues that the statute violates substantive due process and equal protection because the mandatory sentence is not "rationally related to any legitimate state goal." Appellant also contends that § 44-53-370 violates equal protection because it unconstitutionally "singles out those convicted of drug trafficking offenses for mandatory minimum sentences." It is abundantly clear that the State has a vital interest in protecting its citizens from the "grave public health threat" of large scale marijuana trafficking. "[T]he decision to single out marijuana traffickers for especially harsh penalties has the rational basis of protecting the public health by attacking the most pressing danger with the stiffest penalties." *United States v. Richards*, 737 F. (2d) 1307, 1310 (4th Cir. 1984), *cert. denied*, _____ U. S. _____, 105 S. Ct. 779, 83 L.Ed. (2d) 774 (1985).

### Cruel and Unusual Punishment

The cruel and unusual punishment clause requires that the duration of a sentence not be grossly out of proportion with the severity of the crime. *Solem v. Helm*, 463 U. S. 277, 103 S. Ct. 3001, 77 L. Ed. (2d) 637 (1983); *State v. Gamble*, 249 S. C. 605, 155 S. E. (2d) 916 (1967), *cert. denied*, 390 U. S. 927, 88 S. Ct. 862, 19 L.Ed. (2d) 988 (1968). In reviewing sentences for proportionality, three objective criteria are considered: (1) the gravity of the offense compared to the harshness of the penalty; (2) sentences imposed on other criminals in the same jurisdiction; and (3) sentences for the same crime in other jurisdictions. *Solem v. Helm*, *supra*. Having applied the above criteria to § 44-53-370(e)(1)(b), we find that the mandatory minimum punish-

ment is not disproportionate. *See State v. Johnson*, 276 S. C. 444, 279 S. E. (2d) 606 (1981).

Appellant's other exceptions are without merit and are affirmed pursuant to Supreme Court Rule 23 and the following authorities: *Illinois v. Gates*, 462 U. S. 213, 103 S. Ct. 2317, 76 L. Ed. (2d) 527 (1983); *State v. Diamond*, 280 S. C. 296, 312 S. E. (2d) 550 (1984); *State v. Adams*, 279 S. C. 228, 306 S. E. (2d) 208, *cert. denied*, 464 U. S. 1023, 104 S. Ct. 558, 78 L. Ed. (2d) 730 (1983).

Affirmed.