23052

The STATE, Respondent v. James KERR, Sr., Appellant.
(382 S. E. (2d) 895)

Supreme Court

*Asst. Appellate Defender Tara Dawn Shurling, Office of Appellate Defense*, Columbia, *for appellant*.

*Atty. Gen. T. Travis Medlock, Asst. Attys. Gen. Harold M. Coombs, Jr.*, and *Norman Mark Rapoport*, Columbia; and *Sol. Charles M. Condon*, Charleston, *for respondent*.

Heard June 9, 1989.

Decided July 31, 1989.

CHANDLER, Justice:

James Kerr, Sr. (Kerr), convicted of trafficking in cocaine, was sentenced to 25 years and fined $50,000.
We affirm.
The Statute[1] under which Kerr was convicted and sentenced states in pertinent part:

> Any person . . . who is knowingly in actual or constructive possession of:
>
> (2) Ten grams or more of cocaine or *any mixtures containing cocaine*, as provided in § 44-53-210(b)(4) is guilty

---

[1] S. C. Code Ann. § 44-53-370(e) (1985).

of a felony which is known as 'trafficking in cocaine' and upon conviction must be punished as follows if the quantity involved is:

* * * * * *

(c) One hundred grams or more, but less than two hundred grams, a mandatory term of imprisonment of twenty-five years, no part of which may be suspended, and a fine of fifty thousand dollars.

* * * * * *

*The weight of any controlled substance in this subsection includes the substance in pure form or any compound or mixture of the substance.* [Emphasis supplied.]

The gross weight of the substance possessed by Kerr was 111.48 grams, of which 74% was pure cocaine.

Kerr contends that his sentence was improper since the net weight of pure cocaine is only 82.4952 grams, or approximately 17.5 grams less than the statutory amount. We disagree.

The Statute, by its clear and unambiguous terms, applies to the aggregate weight of any *mixture* containing cocaine, not merely the weight of cocaine in its pure form.

Kerr further contends that our interpretation may bring about an unjust, irrational result, an example of which he describes in his brief:

[A] party in possession of 101 grams of cocaine compound which was only 20% cocaine could ... be confined [for] twenty-five years without parole whereas a party in possession of 99 grams of virtually pure cocaine would not be subject to the more stringent penalties.

Assuming such a result may ensue, its justification is well expressed by the Supreme Court of Nevada:

The legislature enacted [the trafficking statute] to deter large-scale distribution of controlled substances, thus decreasing the number of persons potentially harmed by drug use. We note, however, that controlled substances are typically sold in a diluted state. In such

cases as this, where the controlled substance has been "cut," the substance is rendered more harmful to society because the dilution increases the potential number of persons who will partake. . . . The increased potential for harm to society justifies the imposition of more severe penalties for the possession of large amounts of a diluted controlled substance than for smaller amounts of a pure controlled substance. Further, the possession of large amounts of a diluted controlled substance indicates an intent to engage in . . . large-scale distribution, . . . the very conduct that [the trafficking statute] is designed to deter.

*Sheriff of Humboldt County v. Lang*, 763 P. (2d) 56, 58-59 (Nev. 1988) [citations omitted].

Kerr's remaining exception is affirmed pursuant to Supreme Court Rule 23. *See State v. Jacobs*, 238 S. C. 234, 119 S. E. (2d) 735 (1961).

Affirmed.

GREGORY, C. J., FINNEY and TOAL, JJ., and BRUCE LITTLEJOHN, Acting Associate Justice, concur.