23232

The STATE, Respondent v. Hilario DE LA CRUZ, Appellant.

(393 S.E. (2d) 184)

Supreme Court

*Michael J. Thompson,* Columbia, *for appellant.*

*Attorney Gen. T. Travis Medlock, Asst. Atty. Gen. Harold M. Coombs, Jr., Miller W. Shealy, Jr.,* and *Sol. James C. Anders,* Columbia, *for respondent.*

Heard May 8, 1990.

Decided June 18, 1990.

TOAL, Justice:

This appeal involves whether S.C. Code Ann. § 44-53-370(e)(2)(c) (Cum. Supp. 1989), which concerns trafficking in more than 100 but less than 200 grams of cocaine, is constitutional.

## FACTS

On January 17, 1989, one Willie Brooks was arrested in Richland County and charged with trafficking in cocaine, having in his possession at the time of his arrest a quantity of cocaine exceeding 200 grams. Arrested with Brooks was a thirteen year old juvenile,[1] apparently related to the appellant. Subsequent to his January 17, 1989 arrest, Brooks informed the police that he would take them to the supplier of the cocaine and point out where the cocaine came from.

Police accompanied Brooks to the Old Friarsgate Subdivision, where he pointed out the house where the cocaine was stored, as well as the appellant as the supplier of the drugs.[2] Police officers arrested De La Cruz near the sidewalk in front of his house. Fearing that others inside the home might see the arrest and destroy the drugs inside, the officers took De La Cruz into his home and gathered all persons in the house into the living room. Having secured everyone, the officers waited until they obtained a search warrant before searching the house. The search yielded "some white powder believed

---

[1] Brooks, the juvenile, and De La Cruz were all arrested in August 1988 for trafficking in cocaine in an unrelated incident.

[2] De La Cruz was standing in his yard at the time.

to be cocaine (later proven to be such), cash, a weapon, some statues with the bottoms busted out of them, assorted drug paraphernalia, a white, (sic) a plastic bag with white powder residue." (Tr. 36, 11. 5-8).

Based on the testimony and evidence presented, De La Cruz was convicted of trafficking in cocaine in a bench trial on April 24, 1989. This appeal followed.

## LAW/ANALYSIS
## THE CONSTITUTIONALITY OF S.C. CODE ANN. § 44-53-370(e)(2)(c)

### A. *Separation of Powers Doctrine*

S.C. Code Ann. § 44-53-370(e)(2) punishes "trafficking in cocaine" as a felony, with the particular sentence to be imposed based on the quantity of the drugs involved. Subsection (e)(2)(c), under which the appellant was convicted, provides for "a mandatory term of imprisonment of twenty-five years, no part of which may be suspended, nor probation granted, and a fine of fifty thousand dollars." De La Cruz attacks this statutory provision as a violation of the separation of powers doctrine as stated in Article I, Section 8 of the South Carolina Constitution.[3] He contends that the mandatory sentence set forth by the legislature impermissibly intrudes into inherent judicial powers in that all judicial discretion in sentencing is removed. We disagree.

We have held in the past that "[t]he penalty assessed for a particular offense is, except in the rarest of cases, "purely a matter of legislative prerogative," and the legislature's judgment will not be disturbed." *State v. Smith*, 275 S.C. 164, 167, 268 S.E. (2d) 276, 277 (1980) (*quoting Rummel v. Estelle*, 445 U.S. 263, 100 S. Ct. 1133, 63 L. Ed. (2d) 382 (1980)). Judicial discretion in sentencing, in suspending sentences, and in designating that sentences run concurrent or consecutive is subject to statutory restriction. *See Mistretta v. United States*, 488 U.S. 361, —, 109 S. Ct. 647, 650, 102 L. Ed. (2d) 714, 725-726 (1989), wherein the United States Supreme Court noted,

---

[3] This constitutional provision reads: "In the government of this State, the legislative, executive, and judicial powers of the government shall be forever separate and distinct from each other, and no person or persons exercising the functions of one of said departments shall assume or discharge the duties of any other."

"Congress, of course, has the power to fix the sentence for a federal crime, and the scope of judicial discretion with respect to a sentence is subject to congressional control." (*Citing United States v. Wiltberger*, 18 U.S. (5 Wheat) 76, 5 L. Ed. 37 (1820); *Ex Parte United States*, 242 U.S. 27, 37 S. Ct. 72, 61 L. Ed. 129 (1916)).

The legislature, in turn, is restricted by the State and Federal Constitutions. For instance, a sentence enacted by the legislature for a particular crime will be overturned if it violates the constitutional prohibition against cruel and unusual punishment. The Congressional trend towards less discretion and more determinate sentencing was designed, as explained by the United States Supreme Court in *Mistretta, supra*, to alleviate the twin problems of: (1) the great variation among sentences imposed by different judges upon similarly situated offenders; and (2) the uncertainty as to the time the offender would spend in prison. *Mistretta*, 488 U.S. at —, 109 S. Ct. at 651, 102 L. Ed. (2d) at 727 (1989). Whatever the reason our legislature had for its decision to limit judicial discretion here, we hold that they have the ability to do so.[4] Similarly, the ability to obtain parole is a matter of legislative grace. If the legislature so chooses, parole may not be made available to those who commit certain offenses.

B. *Due Process, Equal Protection and Cruel and Unusual Punishment*

De La Cruz next asserts that § 44-53-370(e)(2)(c) is violative of substantive due process, equal protection, and the prohibition against cruel and unusual punishments. We reject these arguments as they are the identical ones we found meritless in *State v. Kiser*, 288 S.C. 441, 343 S.E. (2d) 292 (1986).

The remaining argument advanced by the appellant is affirmed pursuant to Supreme Court Rule 23. *State v. Williams*, 297 S.C. 404, 377 S.E. (2d) 308 (1989) (a magis-

---

[4] The appellant's attempt to rely upon *State v. Johnson*, 276 S.C. 444, 279 S.E. (2d) 606 (1981) for support of his argument that the statute violates the separation of powers doctrine is misguided. *Johnson* dealt with a mandatory *minimum* sentence, not a mandatory sentence. There, a trial judge had the discretion to sentence an armed robber to "not less than ten years nor more than twenty-five years" imprisonment. The appellant in *Johnson* argued that the statute gave no discretion in sentencing to the trial judge, an argument clearly erroneous in light of the plain language of the statute. Hence, we did not reach the issue presented here in *Johnson*.

trate's probable cause determination is entitled to substantial deference by this Court on review); *Jones v. City of Columbia*, 301 S.C. 62, 389 S.E. (2d) 662 (1990) (definition of probable cause).

GREGORY, C.J., and HARWELL, CHANDLER and FINNEY, JJ., concur.