547 S.E.2d 494

**James KERR, Sr., Respondent/Petitioner,**

v.

**STATE of South Carolina, Petitioner/Respondent.**

No. 25295.

Supreme Court of South Carolina.

Heard March 21, 2001.

Decided May 29, 2001.

Attorney General Charles M. Condon, Chief Deputy Attorney General John W. McIntosh, Assistant Deputy Attorney General G. Robert DeLoach, III, Assistant Attorney General Patricia D. Breen, and Assistant Attorney General Matthew M. McGuire, Columbia, for petitioner/respondent.

Assistant Appellate Defender Tara Taggart, of the South Carolina Office of Appellate Defense, Columbia, and Joseph F. Kent, Mt. Pleasant, for respondent/petitioner.

WALLER, Justice:

We granted the parties' cross-petitions for certiorari to review the post-conviction relief court's order granting relief to respondent/petitioner James Kerr, Sr. We affirm in result.

## FACTS

Kerr was indicted in January 1988 for trafficking in cocaine. After a bench trial in February 1988, he was convicted and sentenced to 25 years imprisonment and a $50,000 fine. This Court affirmed his conviction. State v. *Kerr*, 299 S.C. 108, 382 S.E.2d 895 (1989).

Kerr was released on parole in September 1993. It is undisputed [1] that Kerr successfully resumed his place in the community, returned to work, and fully complied with the conditions of his parole. Nonetheless, on July 13, 1995, Kerr was arrested and reincarcerated after reporting to his parole

---

1. The facts in this matter were stipulated to by the parties, and the PCR court made its factual findings based on the stipulation.

officer. He was given no reason for his arrest [2] and was not appointed legal counsel. On July 19, 1995, Kerr was brought before a single member of the Parole Board who informed him the Board had made a mistake paroling him in 1993 because the Board decided Kerr was parole ineligible under the trafficking statute. Kerr's parole was thereby terminated, without any written explanation.

In August 1995, Kerr filed an application for post-conviction relief (PCR). The PCR action initially was dismissed, but it was restored to the docket, and a hearing was held in September 1998. At the hearing, Kerr argued that: (1) he was denied procedural due process, and (2) he was parole eligible under the trafficking statute. In April 1999, the PCR court granted Kerr relief and reinstated his parole.

In granting relief, the PCR court found that Kerr's substantive due process rights had been violated. The PCR court wholly relied on a federal case with strikingly similar facts. *See Hawkins v. Freeman*, 166 F.3d 267 (4.th Cir.1999) (*Hawkins I*). However, the *Hawkins I* decision, handed down in January 1999, was subsequently vacated. In November 1999, on rehearing *en banc*, the Fourth Circuit found no substantive due process violation. *Hawkins v. Freeman*, 195 F.3d 732 (4.th Cir.1999) (*Hawkins II*).[3]

## ISSUES

1. Did the PCR court have jurisdiction to hear this action and reinstate Kerr's parole?
2. Was Kerr parole eligible under S.C.Code Ann. § 44–53–370(e)(2)(c) (1985)?

## DISCUSSION

### 1. Jurisdiction of PCR Court

We first address the threshold issue of whether the PCR court had jurisdiction to consider Kerr's case and reinstate his parole.

**2.** The arrest warrant simply states that Kerr's offense was a violation of the statute under which he was convicted and that the "decision to parole needs to be reviewed by the Board."

**3.** In June 1999, this Court granted Kerr's petition for bail pending appellate review.

In *Al–Shabazz v. State,* 338 S.C. 354, 527 S.E.2d 742 (2000), this Court held that "aside from two non-collateral matters specifically listed in the PCR Act, PCR is a proper avenue of relief *only when the applicant mounts a collateral attack challenging the validity of his conviction or sentence* as authorized by Section 17–27–20(a)." *Id.* at 367, 527 S.E.2d at 749 (emphasis in original). One of the exceptions is when a PCR applicant claims that his parole has been "unlawfully revoked." *See* S.C.Code Ann. § 17–27–20(a)(5) (1985). In *Al–Shabazz,* we described this exception as one which authorizes a PCR action when "the applicant asserts he should not have been returned to prison to serve the remainder of a valid sentence." 338 S.C. at 368, 527 S.E.2d at 749.

■ The State argues that the PCR court did not have jurisdiction over this case because it involves issues regarding Kerr's eligibility for parole. We disagree.

■ Kerr claims that his parole was unlawfully terminated. Because Kerr "asserts he should not have been returned to prison," this action falls squarely within the exception of section 17–27–20(a)(5). *Al–Shabazz,* 338 S.C. at 368, 527 S.E.2d at 749. At oral argument, the State maintained that because this action involves the *termination* of parole, rather than the *revocation* of parole, section 17–27–20(a)(5) does not apply. We decline to interpret the PCR statute this strictly. This exception in the PCR statute covers an applicant's claim that he has been unlawfully returned to prison. It matters not whether the action is called a revocation, a rescission, or a termination.

Accordingly, we hold Kerr's claims are cognizable under the PCR statute.

## 2. Parole Eligibility Under S.C.Code Ann. § 44–53–370(e)(2)(c) (1985)

■ Kerr argues he is parole eligible, and therefore, he was properly paroled in 1993. Kerr maintains the Parole Board wrongly determined in 1995 that, pursuant to the statute under which he was convicted, he is parole ineligible. We agree.

Kerr was convicted of trafficking in cocaine. He was sentenced under section 44–53–370(e)(2)(c), which, at the time,[4] provided that where the quantity of cocaine involved is 100 grams or more, but less than 200 grams, the defendant shall be sentenced to "a *mandatory term* of imprisonment of twenty-five years, no part of which may be suspended, and a fine of fifty thousand dollars." S.C.Code Ann. § 44–53–370(e)(2)(c) (1985) (emphasis added). Regarding parole eligibility, an unenumerated paragraph at the end of section 44–53–370(e) stated as follows:

Any person convicted and sentenced under this subsection to a *mandatory minimum term* of imprisonment of twenty-five years is not eligible for parole....

(Emphasis added).

Kerr argues that he was not sentenced to a "mandatory minimum term" of 25 years, but instead was sentenced to a "mandatory term" of 25 years. He contends that this difference renders him parole eligible.

Section 44–53–370(e) prescribes sentences for drug trafficking based on the quantity of drugs involved. Several different subsections authorize at least a 25–year sentence; however, some provide for a "mandatory term of imprisonment" of 25 years,[5] while others provide for a "mandatory minimum term of imprisonment" of 25 years.[6] Despite the various ways that

---

4. Since 1988, this statute has been amended eight times. Because Kerr committed his crime in late 1987, and was convicted and sentenced in February 1988, the version applicable to Kerr's case is S.C.Code Ann. § 44–53–370(e)(2)(c) (1985).

5. *See* § 44–53–370(e)(1)(b) (sentence for trafficking in 100 pounds or more, but less than 2,000 pounds, of marijuana); § 44–53–370(e)(1)(c) (sentence for trafficking in 2,000 pounds or more, but less than 10,000 pounds, of marijuana); § 44–53–370(e)(2)(d) (sentence for trafficking in 200 grams or more, but less than 400 grams, of cocaine); § 44–53–370(e)(3)(b) (trafficking in 14 grams or more of morphine, opium, salt, isomer, or heroin); § 44–53–370(e)(4)(b) (trafficking in 150 grams but less than 1,500 grams of methaqualone); § 44–53–370(e)(4)(c) (trafficking in 1,500 grams but less than 15 kilograms of methaqualone).

6. *See* § 44–53–370(e)(1)(d) (trafficking in 10,000 pounds or more of marijuana); § 44–53–370(e)(2)(e) (trafficking in 400 grams or more of cocaine); § 44–53–370(e)(4)(d) (trafficking in 15 kilograms or more of methaqualone). Specifically, these sections all state the sentence should be "a term of imprisonment of not less than twenty-five years

section 44–53–370(e) mandated a term of imprisonment of at least 25 years, the unenumerated paragraph detailing parole eligibility simply stated that someone sentenced to a "mandatory minimum term of imprisonment of twenty-five years" was not eligible for parole.

This unenumerated paragraph was amended in 1988 [7] to read as follows:

> Any person convicted and sentenced under Section 44–53–370(e) to a mandatory minimum term of imprisonment of twenty-five years *or a mandatory term of twenty-five years or more* is not eligible for parole. . . .

§ 44–53–370(e) (Supp.1988) (emphasis on added terms).[8]

· [4–6] The primary rule of statutory construction is that the Court must ascertain the intention of the legislature. *E.g.*, *State v. Blackmon*, 304 S.C. 270, 273, 403 S.E.2d 660, 662 (1991). When the terms of the statute are clear and unambiguous, the court must apply them according to their literal meaning, without resort to subtle or forced construction to limit or expand the statute's operation. *Id.* Furthermore, when a statute is penal in nature, it must be construed strictly against the State and in favor of the defendant. *Id.*

Construing this penal statute strictly against the State as we must, we find that a "mandatory term" of imprisonment is not the equivalent to a "mandatory minimum term" of imprisonment. Indeed, when the precise subsection under which Kerr was convicted was challenged on constitutional grounds, this Court indicated that a "mandatory term" is distinguishable from a "mandatory minimum term" of imprisonment.

---

nor more than thirty years with a mandatory minimum term of imprisonment of twenty-five years."

**7.** The amendment was effective July 1, 1988, over four months after Kerr's conviction and sentencing. 1988 S.C. Acts No. 565.

**8.** In its current form, the parole ineligibility paragraph is even more specific:

A person convicted and sentenced under this subsection to a mandatory term of imprisonment of twenty-five years, a mandatory minimum term of imprisonment of twenty-five years, or a mandatory minimum term of imprisonment of not less than twenty-five years nor more than thirty years is not eligible for parole. . . .

§ 44–53–370(e) (Supp.2000).

*See State v. De La Cruz,* 302 S.C. 13, 16 n. 4, 393 S.E.2d 184, 186 n. 4 (1990).[9]

Furthermore, we note the Legislature's subsequent amendments which added material terms to this unenumerated paragraph signal that a "departure from the original law was intended." *See North River Ins. Co. v. Gibson,* 244 S.C. 393, 398, 137 S.E.2d 264, 266 (1964) (where the Court recognized "the rule of construction that the adoption of an amendment which materially changes the terminology of a statute ... raises a presumption that a departure from the original law was intended."). We specifically find that the 1988 amendment which added "mandatory term" of imprisonment of 25 years to the parole ineligibility portion of section 44–53–370(e) effected a substantive change to the law.

Thus, Kerr was, in fact, parole eligible under S.C.Code Ann. § 44–53–370(e)(2)(c) (1985), and the Parole Board *erroneously* determined in 1995 that it had made a mistake by paroling Kerr in 1993. Kerr has established his parole was unlawfully terminated, and clearly, he is entitled to PCR. *See* S.C.Code Ann. § 17–27–20(a)(5) (1985). Accordingly, we affirm, in result, the PCR court's decision to grant Kerr relief and reinstate his parole.[10]

## CONCLUSION

Because Kerr alleged that his parole was unlawfully rescinded and he should not have been returned to prison, the

---

9. In *De La Cruz,* the appellant argued that the mandatory sentence found in section 44–53–370(e)(2)(c) "impermissibly intrudes into inherent judicial powers in that all judicial discretion in sentencing is removed." *De La Cruz,* 302 S.C. at 15, 393 S.E.2d at 185–86. Noting the Congressional trend toward less discretion in sentencing, the Court held that the Legislature had the ability to limit judicial discretion by imposing the mandatory sentence under section 44–53–370(e)(2)(c). In doing so, the *De La Cruz* Court in dicta distinguished a case which involved a mandatory *minimum* sentence.

10. Because this issue is dispositive, we decline to address Kerr's procedural due process argument. Regarding the State's argument that the PCR court's decision should be reversed because the federal decision upon which the PCR court relied has been vacated, we note that the *Hawkins* case dealt with the issue of whether the reincarceration of an erroneously paroled inmate violated substantive due process. Because we hold that Kerr was not erroneously paroled, the substantive due process analysis is no longer relevant to the case at bar.

PCR court had jurisdiction over his claim. S.C.Code Ann. § 17–27–20(a)(5) (1985). In addition, we hold that Kerr was parole eligible under S.C.Code Ann. § 44–53–370(e)(2)(c) (1985), and the Parole Board erred by reincarcerating him. Therefore, he is entitled to the relief ordered by the PCR court—reinstatement of parole.

**AFFIRMED IN RESULT.**

TOAL, C.J., and MOORE, BURNETT and PLEICONES, JJ., concur.