567 S.E.2d 486

**The STATE, Respondent,**

v.

**Demarco JOHNSON, Appellant.**

**No. 3501.**

Court of Appeals of South Carolina.

Submitted March 25, 2002.

Decided May 28, 2002.

Rehearing Denied Aug. 23, 2002.

544

Assistant Appellate Defender Katherine Carruth Link, of S.C. Office of Appellate Defense, of Columbia, for appellant.

Attorney General Charles M. Condon, Chief Deputy Attorney General John W. McIntosh, Assistant Deputy Attorney General Charles H. Richardson, Assistant Attorney General

W. Rutledge Martin; and Solicitor Warren B. Giese, all of Columbia, for respondent.

GOOLSBY, J.

A jury convicted Demarco Johnson of first-degree burglary, armed robbery, and two counts of kidnapping. The trial judge sentenced Johnson on each offense pursuant to section 17–25–45(A) of the South Carolina Code,[1] known as the "Two–Strikes" law,[2] to life imprisonment without the possibility of parole. Johnson had a prior conviction for assault and battery with intent to kill and two prior convictions for attempted armed robbery. On appeal, Johnson challenges the validity of section 17–25–45(A), claiming the statute violates the doctrine of separation of powers and the prohibition against cruel and unusual punishment. He also contends the State failed to satisfy its burden of proving that he had been convicted of the prior offenses. We affirm.[3]

1. We find no merit to Johnson's contention that his sentence under section 17–25–45(A) violates the separation of powers doctrine because it deprives the judiciary of "all judicial discretion" in the exercise of its sentencing function. The

---

1. S.C.Code Ann. § 17–25–45(A) (Supp.2001). This section currently provides in pertinent part:

   (A) ... [U]pon a conviction for a most serious offense as defined by this section, a person must be sentenced to a term of imprisonment for life without the possibility of parole if that person has one or more prior convictions for: (1) a most serious offense....

   *Id.* Section 17–25–45 further provides:

   (C) As used in this section:
   (1) "Most serious offense" means:

   ...
   16–3–620   Assault and battery with intent to kill

   ...
   16–3–910   Kidnapping

   ...
   16–11–311   Burglary, First degree
   16–11–330   (A) Armed robbery
   16–11–330(B) Attempted armed robbery....

   *Id.* § 17–25–45(C)(1).

2. *State v. Jones,* 344 S.C. 48, 55, 543 S.E.2d 541, 544 (2001).

3. Because oral argument would not aid the court in resolving the issues on appeal, we decide this case without oral argument pursuant to Rule 215, SCACR.

supreme court basically settled this issue in *State v. De La Cruz*,[4] a case that dealt with a challenge on the same ground to another mandatory sentencing statute, S.C.Code Ann. § 44–53–370(e)(2)(c) (Supp.1989).[5] In that case, the supreme court recognized judicial discretion in sentencing is subject to statutory restriction without any violation of the separation of powers doctrine.[6]

■ 2. We likewise find no merit to Johnson's contention that the application to him of the mandatory sentencing statute at issue here amounts to cruel and unusual punishment[7] because the facts and circumstances in this case "simply [are] not the kind that warrant[ ] imposition of a life sentence without eligibility for parole." .

In *State v. Jones*,[8] our supreme court determined the life without parole sentence under the Two Strikes law of a defendant who was convicted of three counts of armed robbery and possession of a firearm was not grossly out of proportion to the severity of the crime for which he was convicted.[9] The *Jones* court considered the following three factors mentioned in *Solem v. Helm*[10] in reaching its conclusion: (1) the gravity

---

4. 302 S.C. 13, 393 S.E.2d 184 (1990).

5. In his attack on the mandatory sentencing statute contained in S.C.Code Ann. § 44–53–370(e)(2)(c) (Supp.1989), De La Cruz argued "that the mandatory sentence set forth by the legislature impermissibly intrudes into inherent judicial powers in that *all* judicial discretion in sentencing is removed." *Id.* at 15, 393 S.E.2d at 185–86 (emphasis added).

6. *See id.* at 15, 393 S.E.2d at 186; *see also Jones*, 344 S.C. at 56, 543 S.E.2d at 545 (holding the mandatory nature of section 17–25–45 does not violate the separation of powers doctrine in light of a prosecutor's discretion to pursue triggering offenses or plea down the charges) (citing *State v. Burdette*, 335 S.C. 34, 515 S.E.2d 525 (1999)).

7. Johnson recognizes this Court upheld the constitutionality of the statute against an attack mounted on cruel and unusual punishment grounds in *State v. Brannon*, 341 S.C. 271, 533 S.E.2d 345 (Ct.App. 2000).

8. 344 S.C. 48, 543 S.E.2d 541 (2001).

9. *Id.* at 57, 543 S.E.2d at 545.

10. 463 U.S. 277, 103 S.Ct. 3001, 77 L.Ed.2d 637 (1983).

of the offense compared to the harshness of the penalty, (2) the sentences imposed on other criminals in the same jurisdiction, and (3) the sentences for the same crime in other jurisdictions.[11]

Here, few would argue that first-degree burglary, armed robbery, and kidnapping are anything other than grave offenses of the "most serious" nature. Indeed, the Two Strikes law declares them to be such.[12] When considered along with Johnson's prior offenses, two of which were for attempted armed robbery and one of which was for assault and battery with intent to kill, the penalty of life without parole for each of the offenses for which Johnson was convicted is not extreme.[13]

Moreover, the sentence that Johnson received is no different from a sentence that would be levied on any other defendant convicted in South Carolina under similar circumstances. The sentence of life without the possibility of parole that the trial court imposed on Johnson upon his conviction for four "most serious" offenses is the same sentence as would be imposed on any other defendant with a record of convictions for one or more "most serious" offenses [14] and similarly convicted.

Regarding the third factor, a life sentence under recidivist laws for armed robbery, one of four "most serious" offenses for which the jury convicted Johnson, is not, as the court recognized in *Jones*, "unique to South Carolina." [15]

■ 3. Finally, we disagree with Johnson's contention that the State failed to satisfy its burden of proof that Johnson had

---

11. *Jones*, 344 S.C. at 56, 543 S.E.2d at 545.

12. *See supra* note 1.

13. *See Jones*, 344 S.C. at 57, 543 S.E.2d at 545 ("[G]iven the 'most serious' nature of armed robbery, when coupled with a prior most serious offense, the gravity of the offense is not disproportionate to a sentence of life without parole.")

14. *See id.* at 57, 543 S.E.2d at 545; S.C.Code Ann. § 17–25–45(A).

15. *Jones*, 344 S.C. at 57, 543 S.E.2d at 545.

been convicted of the prior offenses that triggered the Two–Strikes law. The State proffered certified copies of court records showing that a Demarco Johnson pled guilty in 1997 to two counts of attempted armed robbery and one count of assault and battery with intent to kill. Johnson offered no evidence [16] to suggest he was not that Demarco Johnson. Under these circumstances, the evidence was sufficient to show that Johnson and the individual previously convicted were one and the same.[17]

**AFFIRMED.**

CONNOR and ANDERSON, JJ., concur.

---

**16.** Rather than offer evidence that he was not the Demarco Johnson in question, Johnson, through counsel, complained about the State's failure to honor his request to furnish him with fingerprints or a mug shot from 1997 showing that he was in fact the same individual who had pled guilty to the two offenses that the State relied upon to trigger the Two–Strikes law. Complaints of counsel do not constitute evidence. *See Gilmore v. Ivey,* 290 S.C. 53, 58, 348 S.E.2d 180, 183 (Ct.App.1986) ("[I]n determining whether a genuine issue of material fact exists, factual statements of counsel, whether made during oral argument or in written briefs or memoranda, ordinarily may not be [ ] considered.").

**17.** *See Lewis v. State,* 234 Ga.App. 873, 508 S.E.2d 218, 222 (1998) (stating where the defendant presented no evidence contradicting that he was the person named in the certified court documents, "[c]oncordance of name alone is some evidence of identity'" and was sufficient to show the defendant and the individual previously convicted were the same person) (citation omitted); *Murphy v. State,* 399 So.2d 340, 346 (Ala.Crim.App.1981) (holding certified copy of prior conviction of individual with the same name as the defendant was sufficient as it "raised a prima facie presumption of the sameness of the person" and "[t]here was no attempt to rebut that presumption"); *see also Parke v. Raley,* 506 U.S. 20, 113 S.Ct. 517, 121 L.Ed.2d 391 (1992) (holding where a defendant challenges a prior conviction and the Commonwealth initially proves the existence of the judgment on which it intends to rely, a presumption of regularity attaches and the burden shifts to the defendant to produce evidence showing his rights were infringed or an irregularity occurred).