THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 239(D)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Supreme Court

 
 
 
Ricky LaFayette Murray,        Petitioner,
 
 
 

v.

 
 
 
State of South Carolina,        Respondent.
 
 
 

ON WRIT OF CERTIORARI

Appeal From Greenville County
Larry R. Patterson, Post-Conviction Relief Judge

Memorandum Op. No. 2005-MO-026
Submitted May 20, 2005  Filed June 6, 2005

REVERSED

 
 
 
Assistant Appellate Defender Aileen P. Clare, S.C. Office of Appellate Defense, of Columbia, for Petitioner.
Attorney General Henry Dargan McMaster, Chief Deputy Attorney General John W. McIntosh, Assistant Deputy Attorney General Salley W. Elliott, and Assistant Attorney General Christopher Newton, all of Columbia, for Respondent.
 
 
 

PER CURIAM:  Petitioner seeks a writ of certiorari from the denial of his application for post-conviction relief (PCR) challenging his parole revocation.
Although a hearing was begun on petitioners PCR application, the PCR judge concluded that he had no authority to proceed on the application as it was challenging a parole revocation.  Accordingly, the judge concluded the hearing and dismissed petitioners PCR application.  Petitioner contends that the PCR judge erred in dismissing the application without an evidentiary hearing.
South Carolina Code Ann. § 17-27-20(a)(5) (2003) permits a PCR application based on a challenge that parole was unlawfully revoked.  Kerr v. State, 345 S.C. 183, 547 S.E.2d 494 (2001).  Because petitioner alleged that his parole was unlawfully revoked, the PCR judge erred in refusing to hold an evidentiary hearing on petitioners PCR application.  Accordingly, we grant the petition for a writ of certiorari, dispense with further briefing, reverse the order of the PCR judge, and remand for an evidentiary hearing on petitioners PCR application.
 REVERSED.
TOAL, C.J., MOORE, WALLER, BURNETT and PLEICONES, JJ., concur.