THIS OPINION HAS NO
 PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY
 PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 
 The State, Respondent,
 
 
 
 
 

v.

 
 
 
 
 Rickey Brown, Appellant.
 
 
 
 
 

Appeal from Richland County
 Michelle J. Childs, Circuit Court Judge

Unpublished Opinion No. 2010-UP-204
 Submitted January 4, 2010  Filed March
12, 2010    

AFFIRMED

 
 
 
 Appellate Defender M. Celia Robinson, of Columbia, for Appellant.
 Attorney General Henry Dargan McMaster, Chief Deputy Attorney
 General John W. McIntosh, Assistant Deputy Attorney General Salley W. Elliott,
 Assistant Attorney General A. West Lee, of Columbia, and Solicitor, Fifth Judicial
 Circuit, Warren B. Giese, of Columbia, for Respondent.
 
 
 

PER CURIAM:  Rickey
 Brown was convicted of criminal sexual
 conduct with a minor in the second degree.  The trial court sentenced him to
 five years imprisonment and credited Brown with fourteen months for time
 served.  Brown appeals arguing the trial court's sentence was disproportionate
 and excessive given the circumstances of the offense and of the offender.
We
 affirm pursuant to Rule 220(b), SCACR and the following authorities: State v. Cox,
 328 S.C. 371, 373, 492 S.E.2d 399, 400 (Ct. App. 1997) (citing State v.
 Torrence, 305 S.C. 45, 406 S.E.2d 315 (1991) (defendant  and the State must
 make a contemporaneous objection in order to preserve an alleged error for
 appellate review); State v. Johnson, 333 S.C. 459, 462, 510 S.E.2d 423,
 425 (1999) (noting that, if an exceptional circumstance is presented, a
 sentence may be set aside on appeal even if an objection has not been made at
 trial); Article 1, section 15 of the South Carolina State Constitution (stating
 that, "[e]xcessive bail
 shall not be required, nor shall excessive fines be imposed, nor shall cruel,
 nor corporal, nor unusual punishment be inflicted, nor shall witnesses be
 unreasonably detained."); State
 v. Kimbrough, 212 S.C. 348, 354, 46
 S.E.2d 273, 275-76 (1948) ("[t]he weight of authority is to the effect
 that if the statute fixing the punishment for an offense is not
 unconstitutional, a sentence within the limits prescribed by such statute will
 not be regarded as cruel and unusual"; and the court did not have
 jurisdiction to "correct a sentence on the ground that it is excessive
 when it is within the limits prescribed by law for the discretion of the trial
 Judge (sic) and is not the result of partiality, prejudice, oppression or
 corrupt motive."); State v. Kiser, 288 S.C. 441, 443, 343 S.E.2d
 292, 293 (1986) (outlining the three objective criteria to be considered when
 reviewing sentences for proportionality);
 S.C. Code Ann. section 16-3-655 (B) and (C)(3) (2003) (defining the crime of
 criminal sexual conduct with a minor in the second degree and the sentence that
 must be imposed).[1]
AFFIRMED.
HUFF, A.C.J., GEATHERS, J., and CURETON, A.J., concur.

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.